114 T.C. No. 34


UNITED STATES TAX COURT


RHONE-POULENC SURFACTANTS AND SPECIALTIES, L.P.,
GAF CHEMICALS CORPORATION, A PARTNER OTHER THAN
THE TAX MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2125-98.                        Filed June 29, 2000.


        R's notice of final partnership administrative
adjustment (FPAA) treated 1990 transfers of business
assets to P's partnership as taxable sales by P rather
than as nontaxable transfers in exchange for
partnership interests under sec. 721, I.R.C.  P, a
partner other than the tax matters partner, filed the
petition and then moved for summary judgment on the
ground that the period of limitations for assessing any
tax resulting from this partnership proceeding has
expired.  R alleges that failure to report the sale on
P's return resulted in omission of more than 25 percent
of reported gross income so that, pursuant to sec.
6501(e)(1)(A), I.R.C., the period for assessing tax did
not expire until 6 years after P's return was filed.
The FPAA was issued several days before the expiration
of 6 years from the filing of P's 1990 return.
        <u>Held</u>: (1) Sec. 6229(a), I.R.C., includes an
alternative, minimum period of limitations, applicable

to all partners; (2) sec. 6229(a), I.R.C., does not preclude the applicability to specific partners of a longer period of limitations such as the 6-year period in sec. 6501(e)(1)(A), I.R.C.; (3) assuming there was inadequate disclosure of P's alleged omission of income, the running of the 6-year period of limitation was suspended when the FPAA was issued pursuant to sec. 6229(d), I.R.C.; and (4) the issue of adequate disclosure of the allegedly omitted income presents genuine issues of material fact. Summary judgment will be denied.

Albert H. Turkus, Pamela F. Olson, William F. Nelson, and Anne E. Collier, for petitioner.

John A. Guarnieri, Craig Connell, and Ruth M. Spadaro, for respondent.

OPINION

RUWE, Judge: This case is a partnership-level action based on a petition filed pursuant to section 6226.[1] Section 6226 is one of a group of provisions concerning the tax treatment of partnership items that was added to the Code by the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648 (TEFRA partnership provisions).[2] The

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The TEFRA partnership provisions have been amended since their enactment in 1982 and now constitute secs. 6221 through 6234.

matter before the Court is petitioner's motion for summary judgment, based on the claim that the period of limitations for making assessments of tax has expired.

The Internal Revenue Code prescribes no period during which TEFRA partnership-level proceedings, which begin with the mailing of the notice of final partnership administrative adjustment, must be commenced. However, if partnership-level proceedings are commenced after the time for assessing tax against the partners has expired, the proceedings would be of no avail because the expiration of the period for assessing tax against the partners, if properly raised, would bar any assessments attributable to partnership items.

Generally, in order to be a party to a partnership action, a partner must have an interest in the outcome. If the statute of limitations applicable to a partner bars the assessment of tax attributable to the partnership items in issue, that partner would generally not have an interest in the outcome. See sec. 6226(c) and (d).[3] However, we have held that a partner may

---

[3]Sec. 6226(c) and (d) provides:
SEC. 6226(c). Partners Treated as Parties.--If an action is brought under subsection (a) or (b) with respect to a partnership for any partnership taxable year--
> (1) each person who was a partner in such partnership at any time during such year shall be treated as a party to such action, and
> (2) the court having jurisdiction of such action shall allow each such person to participate in the action.

(continued...)

participate in such action for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired and that we have jurisdiction to decide whether that assertion is correct.  See <u>Columbia Bldg., Ltd. v. Commissioner</u>, 98 T.C. 607 (1992).  Respondent does not dispute our jurisdiction over this issue.[4]

---

[3](...continued)
SEC. 6226(d). Partner Must Have Interest in Outcome.--
    (1) In order to be party to action.--Subsection (c) shall not apply to a partner after the day on which--
        (A) the partnership items of such partner for the partnership taxable year became nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, or
        (B) the period within which any tax attributable to such partnership items may be assessed against that partner expired.

[4]We note that in 1997 Congress amended sec. 6226(d) in order to specifically provide that a partner may raise the statute of limitations defense in a partnership proceeding for partnership years ending after Aug. 5, 1997.  The Taxpayer Relief Act of 1997 (TRA), Pub. L. 105-34, sec. 1239(b), 111 Stat. 1027, added the following sentence to the end of sec. 6226(d)(1)(B):

    Notwithstanding subparagraph (B), any person treated under subsection (c) as a party to an action shall be permitted to participate in such action (or file a readjustment petition under subsection (b) or paragraph (2) of this subsection) solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person, and the court having jurisdiction of such action shall have jurisdiction to consider such assertion.

## I. Introduction

Petitioner is a Delaware corporation with its principal place of business in Wayne, New Jersey. Rhone-Poulenc Surfactants and Specialties, L.P., is a Delaware limited partnership.[5] Petitioner is a partner in the partnership other than the tax matters partner. By notice of final partnership administrative adjustment dated September 12, 1997 (the FPAA), respondent proposed adjustments with respect to the partnership for its 1990 taxable (calendar) year. The parties have presented us with questions of law that, were we to answer them as petitioner requests, would leave us without any genuine issue of fact. However, we do not answer those questions as petitioner requests. We are left with a genuine issue of fact. Therefore, summary disposition is inappropriate. See Rule 121(b).[6]

## II. Discussion

### A. Respondent's Adjustments

Respondent has not adjusted any item of income, loss, deduction, or credit of the partnership, but he has challenged the partnership's treatment of a certain transfer of property.

---

[5]For convenience, we use the terms "partnership" and "partner" without deciding whether a partnership existed or petitioner was a partner in that partnership, conclusions that respondent disputes.

[6]Petitioner has requested a hearing on the motion. The parties' submissions fully set forth their respective positions, and we see no need for any further argument. Therefore, we have not granted petitioner's request for a hearing.

Petitioner is a subsidiary of GAF Corporation, a Delaware corporation (GAF). The transfer was made by petitioner and another subsidiary of GAF, and the property in question consists of assets related to businesses carried on by those two subsidiaries.[7] The partnership characterized the transfer as a contribution of property to the partnership in exchange for an interest in the partnership. Respondent's challenge is based on his conclusion that the transfer constituted a sale and not a contribution of the property to the partnership. Respondent reaches that conclusion based on two sometimes independent hypotheses: (1) There was no partnership, and (2) the transferor of the property received no partnership interest in exchange therefor.[8] The parties are in agreement that this case involves one or more partnership items.[9]

---

[7]For simplicity, when discussing the transfer, we use the term "petitioner", without distinction, to refer to petitioner, its parent (GAF corporation), and its sister subsidiary.

[8]For example, respondent claims, in the alternative: (1) There was no partnership, (2) if there were a partnership, the transfer was not to it but to a related party, and (3) if there were a partnership and the transfer were to it, the transfer was not in exchange for an interest in the partnership but, rather, was a sale to the partnership.

[9]Sec. 301.6231(a)(3)-1(a)(4), Proced. & Admin. Regs., provides that the term "partnership item" includes "contributions to the partnership". The fact that the partnership might be determined to be a sham in proceedings under the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324, does not preclude the applicability of the TEFRA provisions. See sec. 6233; Oceanic Leasing v. Commissioner, T.C.
(continued...)

The partnership filed its 1990 income tax return, Form 1065, U.S. Partnership Return of Income (the return), on either September 15 or 17, 1991.[10]

B.  Arguments of the Parties

1.  Introduction

Section 6501(a) provides a general period of limitations for assessing and collecting any tax imposed by the Code.  Section 6501(a) defines the period in relation to the filing of the return of the person liable for tax; in this case the petitioner rather than the partnership.  Section 6229(a) sets forth a minimum period for assessing any income tax with respect to any person that is attributable to any partnership item or affected item.  This minimum period is defined in relation to the filing of the partnership return.  This minimum period can be greater than, or less than, the period of limitations in section 6501.

The principal disagreement between the parties concerns the relationship between section 6229 and section 6501.  Petitioner argues that section 6229 stands alone and describes a period that is independent of any period described in section 6501. Respondent argues that section 6229 does not stand alone but

[9](...continued)
Memo. 1996-458; sec. 301.6233-1T(a), (c)(1), Temporary Proced. & Admin. Regs., 50 Fed. Reg. 39,998 (Oct. 1, 1985).

[10]The parties disagree on this point, but that disagreement is of no consequence to our disposition of petitioner's motion.

describes an "add on" period that, in some circumstances, extends the period prescribed by section 6501 but would never subtract from that period. Respondent concedes that, if we agree with petitioner, the motion should be granted.

## 2. Petitioner's Claims

Petitioner claims (and respondent agrees) that (1) more than 3 years elapsed between both the due date and filing of the partnership return and the issuance of the FPAA, and (2) the partnership did not omit any amount from gross income. On that basis, petitioner claims that any assessment of tax with respect to respondent's adjustments is barred by the 3-year period of limitations found in section 6229(a). In response to respondent's argument that section 6229(a) merely extends the section 6501 period in some instances and is inapplicable in this case, petitioner answers: (1) Section 6501 is inapplicable to the assessment of any tax attributable to any partnership item,[11]

---

[11] The parties are in agreement that this case involves one or more partnership items. Respondent claims that, if his determination of partnership items is sustained, nonpartnership items of one or more partners will be affected (affected items), resulting in computational adjustments to the tax liabilities of those partners. See sec. 6231(a)(4),(5), and (6); sec. 301.6231(a)(6)-1T, Temporary Proced. & Admin. Regs., 51 Fed. Reg. 13231 (Apr. 18, 1986). If the determination of any affected item requires a partner-level determination, then the deficiency procedures contained in secs. 6211 through 6216 will apply to the determination of such affected item. See sec. 6230(a)(2). If the determination of any affected item does not require a partner-level determination, then the aforementioned deficiency procedures will not apply to the determination of such affected
(continued...)

(2) even if section 6501 is applicable, the section 6501 period had expired by the time the FPAA was issued because petitioner had adequately disclosed all of its gross income for the year of the transfer (and, thus, avoided the 6-year period provided for in section 6501(e)(1)(A) in the case of a substantial omission of income), and (3) even if section 6501(e)(1)(A) is applicable and the section 6501(e)(1)(A) period did not expire before the FPAA was issued, the issuance of the FPAA did not suspend the running of the section 6501(e)(1)(A) 6-year period of limitations, which has since expired.

### 3. Respondent's Claims

Respondent argues that, if his adjustments are sustained, a substantial gain will be recognized to petitioner on account of the transfer.  Respondent claims that petitioner's omission of that gain from its corporate return constitutes a substantial omission of income, which was not adequately disclosed by petitioner, with the consequence that the section 6501 period of limitations for the assessment of any tax with respect to petitioner is 6 years rather than 3 years.  Respondent acknowledges that section 6225(a) imposes a bar on the assessment of any deficiency attributable to any partnership item until the completion of the partnership-level proceedings.  Respondent

---

[11](...continued)
item.  See sec. 6230(a)(1).

believes that, prior to expiration of the section 6501(e)(1)(A) period, the running of that period was suspended by section 6229(d) when respondent mailed the FPAA to the tax matters partner.  Respondent believes that the section 6501(e)(1)(A) period remains suspended today.

C.  Analysis

1.  Introduction

Two views have long competed regarding the basic nature of a partnership.  The "aggregate theory" considers a partnership to be no more than an aggregation of individual partners.  The "entity theory" characterizes a partnership as a separate entity. See generally 1 Bromberg & Ribstein, Bromberg and Ribstein on Partnership, sec. 1.03 (1988).  The substantive law with respect to the income taxation of partners and partnerships is found in subchapter K, chapter 1, subtitle A of the Internal Revenue Code (subchapter K).  Authorities on partnership taxation have stated that subchapter K does not espouse either the aggregate or the entity theory of partnerships but rather blends the two theories. See 1 McKee et al., Federal Taxation of Partnerships and Partners, par. 1.02 (2d ed. 1990).  That blending of the aggregate and entity theories is a primary source of uncertainty in the application of subchapter K, see id. at par. 1.02[3], and, no doubt, is responsible, at least in part, for our description of the provisions of subchapter K as "distressingly complex and

confusing". <u>Foxman v. Commissioner</u>, 41 T.C. 535, 551 n.9 (1964), affd. 352 F.2d 466 (3d Cir. 1965).

Subtitle F of the Code is concerned with procedure and administration. Both section 6229 and section 6501 are contained in subtitle F. Section 6229 is one of a group of provisions concerning the tax treatment of partnership items that was added to the Code by TEFRA. For income tax purposes, partnerships are not taxable entities (see section 701, which reflects the view that a partnership is no more than an aggregation of its members). Any income tax attributable to partnership items is assessed at the partner level. Thus, any statute of limitations provisions that limit the time period within which assessment can be made are restrictions on the assessment of a partner's tax.

Before TEFRA, adjustments with respect to partnership items were made to each partner's income tax return at the time (and if) that return was examined. See H. Conf. Rept. 97-760, at 599 (1982), 1982-2 C.B. 600, 662. An administrative settlement or judicial determination of a disagreement between a partner (or partners) and the Commissioner bound only the parties thereto and did not bind other partners or bind the Commissioner with respect to other partners. See <u>id.</u> The tax writing committees explained the TEFRA partnership provisions as follows:  "[T]he tax treatment of items of partnership income, loss, deductions, and credits will be determined at the partnership level in a unified

partnership proceeding rather than in separate proceedings with the partners." Id. at 600, 1982-2 C.B. at 662. Thus, section 6221 provides for the determination of all partnership items at the partnership level rather than at the partner level.[12] Like subchapter K, however, the TEFRA partnership provisions blend the entity and aggregate theories. For example, if a partner enters into a settlement agreement with the Commissioner with respect to all partnership items for a partnership year, they become nonpartnership items with respect to that partner and further partnership-level proceedings are of no consequence to that partner. See sec. 6231(b)(1)(C). Because the TEFRA partnership provisions blend the two theories, subtitle F (with respect to partnerships), like subchapter K, is distressingly complex and confusing.

The TEFRA partnership provisions that we are required to interpret in this case are those referring to the period of limitations for assessing tax. In interpreting these provisions, we must keep in mind the Supreme Court's admonition that "Statutes of limitation sought to be applied to bar rights of the Government, must receive a strict construction in favor of the Government." E.I. Dupont De Nemours & Co. v. Davis, 264 U.S.

_____

[12]A "partnership item" is any item required to be taken into account for the partnership's taxable year to the extent regulations provide that such item is more appropriately determined at the partnership level rather than at the partner level. See sec. 6231(a)(3).

456, 462 (1924); see also <u>Badaracco v. Commissioner</u>, 464 U.S. 386, 391 (1984); <u>Colestock v. Commissioner</u>, 102 T.C. 380, 387 (1994); <u>Fehlhaber v. Commissioner</u>, 94 T.C. 863, 868 (1990), affd. 954 F.2d 653 (11th Cir. 1992).

### 2. Relationship Between Sections 6229 and 6501

#### a. Introduction

Simply put, respondent believes that sections 6229 and 6501 contain alternative periods within which to assess tax with respect to partnership items, with the later-expiring-period governing in a particular case. Petitioner believes that the period for assessing tax with respect to partnership items is the later of 3 years from the partnership return due date or filing date which is referred to in section 6229(a). Both sides refer to dicta which lends support to their respective position, and both acknowledge that no court has ruled directly on this issue. We conclude that respondent's position is correct.

#### b. Section 6229 and Section 6501 Contain Alternative Periods of Limitations

To understand the parties' arguments, it is necessary to understand the Code's structure with respect to periods of limitations. In pertinent part, section 6501 provides:

> SEC. 6501(a). General Rule.--Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed * * *

> \* \* \* \* \* \* \*

(e)  Substantial Omission of Items.--Except as otherwise provided in subsection (c)--

(1)  Income taxes.--In the case of any tax imposed by subtitle A--

(A)  General rule.--If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed.  For purposes of this subparagraph--

\*     \*     \*     \*     \*     \*     \*

(ii)  In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item.

In pertinent part, section 6229 provides:

SEC. 6229(a).  General Rule.--Except as otherwise provided in this section, <u>the period for assessing any tax imposed by subtitle A</u> with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year <u>shall not expire before the date</u> which is 3 years after the later of--

(1) the date on which the partnership return for such taxable year was filed, or

(2) the last day for filing such return for such year (determined without regard to extensions).  [Emphasis added.]

Section 6501 unequivocally provides the period of

limitations within which "the amount of <u>any</u> tax imposed by this

title shall be assessed". Sec. 6501(a) (emphasis added).
Generally, the period of limitations so provided is 3 years from
the date the taxpayer's return was filed but varies in the case
of certain enumerated exceptions. See, e.g., sec. 6501(c), (d),
(e), (f), (h). The pertinent language of section 6229 is:
"[T]he period for assessing any tax imposed by subtitle A with
respect to any person which is attributable to any partnership
item (or affected item) for a partnership taxable year shall not
expire before the date which is 3 years after the later of" the
filing or due date of the partnership return. (Emphasis added.)
Section 6229 provides a minimum period of time for the assessment
of any tax attributable to partnership items (or affected items)
notwithstanding the period provided for in section 6501, which is
ordinarily the maximum period for the assessment of any tax. The
section 6229 minimum period may expire before or after the
section 6501 maximum period.[13] Indeed, section 6501(n)(2) cross-
references section 6229 by providing: "For extension of period

---

[13]For example, the 3-year minimum period described in sec.
6229(a) will expire on April 15 of year four in the case of a
partnership return timely made (without extension) for year one
(a calendar year), while the 3-year maximum period described in
sec. 6501 will expire on August 15 of year four in the case of an
individual partner's return made (with automatic 4-month
extension) for year one. If a partner is a corporation, which
timely makes its return (without extension) for year one on March
15 of year two, the 3-year maximum period described in sec. 6501
will expire 1 month earlier (on March 15 of year four) than the
3-year minimum period described in sec. 6229(a).

in the case of partnership items (as defined in section

6231(a)(3)), see section 6229."  (Emphasis added.)[14]

The Court has often stated our understanding that section

6229 extends the section 6501 period with respect to tax

attributable to partnership items or affected items.  See Estate

of Quick v. Commissioner, 110 T.C. 172, 181-182 (1998),

supplemented by Estate of Quick v. Commissioner, 110 T.C. 440

(1998) ("Section 6501(a) provides generally that respondent has 3

years from the date the return was filed in which to assess the

tax.  Section 6501(o) provides a cross-reference to section 6229,

which extends such period in the case of adjustments pertaining

to partnership items or affected items.");[15] Harris v.

Commissioner, 99 T.C. 121, 131 (1992), affd. 16 F.3d 75 (5th Cir.

1994) ("The section 6229 limitations period acts to extend the

limitations period otherwise available under section 6501 when

such period has otherwise expired."); Maxwell v. Commissioner, 87

T.C. 783, 791 n.6 (1986) ("See section 6229(a) which extends the

period of limitations for assessments of tax 'attributable to any

partnership item (or affected item).'").  However, we must

---

[14]We are aware that sec. 7806(a) provides that cross-references are made only for convenience and have no legal effect.  However, it is still noteworthy that the cross-reference speaks of an "extension" of the period of limitations.

[15]Sec. 6501(o) was changed to sec. 6501(n)(2) by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 163(b)(1), 98 Stat. 697.

acknowledge that some of our opinions contain dicta to the contrary. See, for example, <u>Boyd v. Commissioner</u>, 101 TC. 365, 370 (1993), indicating that section 6501(a) does not apply to income tax attributable to partnership items. As previously indicated, the statements referred to in the aforementioned cases are dicta since those cases did not involve the issue before us.

        c.   <u>Field Service Advice Memoranda; Internal Revenue Manual</u>

Petitioner relies on two Internal Revenue Service field service advice memoranda (the FSA's) in arguing that respondent has accepted petitioner's position. Even if the FSA's supported petitioner's claim, the FSA's have no precedential status. See sec. 6110(k)(3) (formerly (j)(3)). Both FSA's, however, express respondent's position. One FSA advised the District Counsel, Illinois District, that petitioner's position was initially adopted only because it was considered the more conservative position (i.e., there would never be a statute of limitations problem as long as the assessments were always made within the 3-year period), but that in the future it would not be advanced. The second FSA advised an undisclosed district counsel to adopt petitioner's position only because it was questionable whether the taxpayer's individual section 6501 period remained open.

Petitioner also quotes from the Internal Revenue Manual (IRM) in support of its position. Whatever force as authority

the IRM may have,[16] the quoted provisions from IRM section

4226.31(13)(13) are ambiguous and unpersuasive (e.g., "The filing

date of an investor's return is the beginning of the

three year IRC 6501 statute, but IRC 6229(a), at the partnership

level, <u>probably</u> controls the partnership items even if the

partnership return was filed earlier."  4 Audit, Internal Revenue

Manual (CCH), sec. 4226.31(13)(13), at 7643 (emphasis added).

     d.  <u>No Inconsistency</u>

Petitioner directs our attention to various TEFRA

partnership provisions and other provisions of the Code and

regulations in an attempt to show a statutory scheme that

petitioner argues requires us to interpret section 6229(a) as a

stand-alone statute of limitations.  We consider those sections

and regulations cited by petitioner only to express our view that

section 6229 provides a minimum period of limitations.

First, petitioner cites five sections of the Code that, by

explicitly or implicitly referring to a period of limitations in

section 6229(a), allegedly make clear that section 6229 is a

---

[16]The Internal Revenue Manual does not have the force of law.  See <u>Griswold v. United States</u>, 59 F.3d 1571, 1576 n.8 (11th Cir. 1995) ("While the IRS Manual does not have the force of law, <u>see</u> <u>Anderson v. United States</u>, 44 F.3d 795, 799 (9th Cir. 1995), the manual provisions do constitute persuasive authority as to the IRS's interpretation of the statute and the regulations."); <u>Lane v. Commissioner</u>, T.C. Memo. 1992-11.

statute of limitations.[17]  None of the cited sections are inconsistent with our interpretation that section 6229 provides an alternative minimum period of limitations.  Section 6229(a) holds open the section 6501 limitations period as to all partners for a fixed period of time, thereby providing a minimum period within which to assess adjustments attributable to partnership items against all partners.  A general reference to section 6229(a) as a period of limitations does not demonstrate any intention as to whether the minimum period provided in section 6229(a) exclusively defines the period of limitations, versus only a minimum period, or whether it operates on all assessments versus only specified assessments.  Those questions must be answered by examining the provision referenced, which, in the instance of section 6229(a), refers to a period for assessing any tax which "shall not expire before" the later of the partnership return filing or due date.  The "period for assessing any tax" that is specifically referred to in section 6229(a) must, of

---

[17]Petitioner cites:  (1) Sec. 6503(a)(1) ("the period of limitations provided in section 6501 or 6502 (or section 6229 * * *)"); (2) sec. 6229(h) ("the running of the period of limitations provided in this section"); (3) sec. 6230(d)(1) ("the period of limitation prescribed in section 6229 with respect to such partner for assessment of any tax attributable to such [partnership or affected] item."); (4) sec. 6228(a)(3)(C) ("the expiration of the period prescribed by section 6229 for making assessments of tax attributable to partnership items for such taxable year."); and (5) sec. 6234(g)(2) ("the period prescribed by section 6229 for assessing any tax under subtitle A which is attributable to any partnership item or affected item for the taxable year involved.").

necessity, refer to section 6501. The only change made by section 6229(a) is the proviso that whatever the applicable "period for assessing any tax", it shall not expire before the minimum period.[18] Indeed, in other instances where Congress has used the "shall not expire before" language of section 6229, it has done so without displacing one period of limitations by another. See, e.g., sec. 6501(c)(7).[19] We are convinced that if Congress had intended to create a completely separate statute of limitations for assessments attributable to partnership and affected items, the drafters of section 6229 would have tracked the language of section 6501(a) and simply provided that "any tax attributable to partnership items or affected items shall be

---

[18]A similar analysis disposes of petitioner's identical argument with regard to various regulations which reference the sec. 6229(a) period as "the period of limitations." See sec. 301.6231(a)(1)-1T(b)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987), and sec. 301.6231(a)(6)-1, Proced. & Admin. Regs.

[19]Sec. 6501(c)(7) provides:

SEC. 6501(c). Exceptions.--
　　　*　　*　　*　　*　　*　　*　　*
　　(7) Special rule for certain amended returns.-- Where, within the 60-day period ending on the day on which the time prescribed in this section for the assessment of any tax imposed by subtitle A for any taxable year would otherwise expire, the Secretary receives a written document signed by the taxpayer showing that the taxpayer owes an additional amount of such tax for such taxable year, the period for the assessment of such additional amount shall not expire before the day 60 days after the day on which the Secretary receives such document. [Emphasis added.]

assessed within 3 years of the later of the filing of the partnership return or its due date."[20]

e. Congressional Intent

Because respondent's position introduces partner specific considerations into the period of limitations issue, petitioner believes that respondent's position introduces the aggregate theory where Congress meant the entity theory to prevail.  As stated,[21] although Congress enacted the TEFRA partnership provisions to allow a unified proceeding to determine partnership items, the TEFRA partnership provisions blend the entity and aggregate theories.  Petitioner has failed to convince us that

---

[20]In 2 Willis et al., Partnership Taxation, par. 20.08[1] (6th ed. 1999), it is explained:

    Section 6229(a) provides the general rule that the limitation period for the assessment of tax attributable to partnership items or affected items for a partnership taxable year "shall not expire" before three years after the later of the date on which the partnership return was filed or the due date (without extensions) for filing the return. This language pointedly is different from the language in the general limitation statute that states that tax "shall be assessed within 3 years" from the stated date.  The effect of this provision, therefore, is to retain the normal three-year limitation period extended for partnership or affected items to at least three years (or more in some circumstances) after the filing of the partnership return.  Consequently, the Service has the longer of the period from the filing of the partner's return or the filing of the partnership return within which to assess tax with respect to partnership items and affected items.

[21]See discussion supra pp. 10-11.

Congress intended the entity theory to govern the limitations equation. Indeed, section 6229 itself contains partner specific provisions. Section 6229(b)(1) provides that the period of limitations can be extended by an agreement entered into by the Commissioner with either one or more partners individually or with respect to all partners by an agreement entered into with the tax matters partner. Section 6229(c)(1) provides that in the case of a fraudulent partnership return, different periods of limitations will apply to different partners depending upon the individual partner's participation in making the partnership return. Section 6229(h) suspends the running of the period of limitations with respect to a partner (but not all partners) during the pendency of a bankruptcy proceeding with respect to such partner.[22] Congress did not provide for the necessarily synchronous expiration of the period for assessing tax with respect to deficiencies resulting to the partners on account of the unified examination of the partnership for a partnership taxable year. We, therefore, do not agree that respondent's theory contravenes congressional intent. Indeed, in 1997, Congress recognized that the periods for assessing tax against individual partners may vary from partner to partner and specifically provided that an individual partner will be

---

[22]Sec. 6229(h) was enacted as part of TRA sec. 1233(b), 111 Stat. 1023.

permitted to participate as a party in the partnership proceeding "solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person".  See last sentence of sec. 6226(d)(1)(B) added to the Code by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1239(b), 111 Stat. 1027-1028, effective for years ending after August 5, 1997.[23]

### f.  Internal Superfluities

Finally, petitioner argues that respondent's position creates internal superfluities in section 6229.  Petitioner explains that section 6229(c)(1)(A) provides an unlimited section 6229(a) assessment period for deficiencies attributable to partnership items and affected items of a partner who, acting with intent to evade taxes, signs or participates in the preparation of a false or fraudulent partnership return.  Section 6229(c)(1)(A), petitioner argues, is superfluous if the controlling statute of limitations on assessments of deficiencies attributable to partnership items and affected items is contained in section 6501, because section 6501(c)(1) contains an identical unlimited assessment period.

Again, petitioner's arguments are not persuasive.  An interpretation that renders a statutory provision superfluous

---

[23]See supra note 4, containing the complete addition to sec. 6226(d)(1)(B).

should be avoided, since it would offend "the well-settled rule of statutory construction that all parts of a statute, if at all possible, are to be given effect."  Weinberger v. Hynson, Westcott & Dunning, Inc., 412 U.S. 609, 633 (1973); Woods v. Commissioner, 91 T.C. 88, 98 (1988).  We shall not, however, do violence to the clear language of the statute in furtherance of a rule of statutory construction.  In any event, we are not convinced that respondent's position renders section 6229(c)(1)(A) superfluous.  We have set forth sections 6229(c)(1)and 6501(c)(1) in the margin.[24]  Both sections deal

---

[24]Sec. 6229(c)(1) provides:

SEC. 6229(c). Special Rule in Case of Fraud, Etc.--

    (1)  False return.--If any partner has, with the intent to evade tax, signed or participated directly or indirectly in the preparation of a partnership return which includes a false or fraudulent item–

        (A) in the case of partners so signing or participating in the preparation of the return, any tax imposed by subtitle A which is attributable to any partnership item (or affected item) for the partnership taxable year to which the return relates may be assessed at any time, and

        (B) in the case of all other partners, subsection (a) shall be applied with respect to such return by substituting "6 years" for "3 years."

    Sec. 6501(c)(1) provides:

    SEC. 6501(c).  Exceptions.--

(continued...)

with false returns.  Petitioner is correct that section 6501(c)(1) provides an unlimited assessment period in the case of a taxpayer who files a false or fraudulent return with intent to evade tax.  The definition of fraud for purposes of section 6501(c)(1) is the same as the definition of fraud for purposes of section 6663 (which imposes a penalty for fraud).  See, e.g., Chin v. Commissioner, T.C. Memo. 1994-54 (with respect to the predecessor to section 6663); Williamson v. Commissioner, T.C. Memo. 1993-246 (same); Richman v. Commissioner, T.C. Memo. 1993-32 (same); Callahan v. Commissioner, T.C. Memo. 1992-132 (same). The elements of fraud are:  (1) That the taxpayer has underpaid his taxes for each year, and (2) that some part of the underpayment is due to fraud.  See DiLeo v. Commissioner, 96 T.C. 858, 873 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Parks v. Commissioner, 94 T.C. 654, 660-661 (1990); Truesdell v. Commissioner, 89 T.C. 1280, 1301 (1987); Hebrank v. Commissioner, 81 T.C. 640, 642 (1983).

Section 6501(c)(1) applies to any taxpayer who files a false or fraudulent return with intent to evade tax.  When a taxpayer files such a return, "§6501(c)(1) would permit the Commissioner

(...continued)
    (1) False return.--In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.

to assess 'at any time' the tax for a year in which the taxpayer has filed 'a false or fraudulent return'".  Badarracco v. Commissioner, 464 U.S. 384, 396 (1984).  Section 6501(c)(1) would literally apply to a partner whose individual or corporate return was fraudulent regardless of whether the partnership return was fraudulent.  Section 6501(c)(1) allows for an unlimited period for assessing any tax for the year in which a fraudulent return was filed regardless of whether some of the tax may be due to nonfraudulent items.  See Lowy v. Commissioner, 288 F.2d 517 (2d Cir. 1961), affg. T.C. Memo. 1960-32; Colestock v. Commissioner, 102 T.C. 380 (1994).  Thus, if section 6501(c)(1) applies to a particular taxable year, it clearly permits an open-ended period for any assessment of tax even if part of the assessment was based on nonfraudulent partnership items.

Section 6229(c)(1) deals specifically with partnership returns.  It extends the period of limitations with respect to the partners if a partner, with intent to evade tax, signs or participates in the preparation of a fraudulent partnership return.  Unlike section 6501(c)(1), section 6229(c)(1) applies only to tax attributable to partnership items or affected items. For a partner signing or participating in the preparation of a fraudulent partnership return, the period for assessing tax attributable to partnership items is unlimited, notwithstanding that the fraud does not result in a reduction of that partner's

own taxes. See <u>Transpac Drilling Venture 1983-2 v. United States</u>, 83 F.3d 1410, 1414-1415 (Fed. Cir. 1996) ("there is no requirement in §6229(c)(1) that the taxes the signer of the partnership return intended to evade must have been the signer's own"). Certainly, section 6229(c)(1)(A) applies to tax attributable to partnership items if it is the signer's own taxes that will be reduced, but that possible limited overlap with section 6501(c)(1) is insufficient for us to conclude that section 6229(c)(1) is superfluous, given the disjunction between intent and underpayment contained in section 6229(c)(1). We also note that, unlike section 6501(c)(1), section 6229(c)(1)(B) provides a separate 6-year period for assessment of taxes for partners who did not sign or participate in the preparation of the fraudulent return. Moreover, it is unclear whether the "return" specified in section 6501(c)(1) included partnership returns, though we need not address that question here. See <u>Stahl v. Commissioner</u>, 96 T.C. 798, 801 (1991); <u>Durovic v. Commissioner</u>, 54 T.C. 1364, 1384-1385 (1970), affd. in part, revd. and remanded in part 487 F.2d 36 (7th Cir. 1973).[25]

---

[25]TRA sec. 1284(a), 111 Stat. 1038, amended sec. 6501(a) by adding at the end: "For purposes of this chapter, the term 'return' means the return required to be filed by the taxpayer (and does not include a return of any person from whom the taxpayer has received an item of income, gain, loss, deduction, or credit)."

Petitioner further argues that respondent's position makes section 6229(b)(3)[26] superfluous because an extension under 6501(c)(4) extends the section 6501 period for <u>all</u> purposes. Section 6229(b)(3) is not superfluous. A valid extension pursuant to section 6501(c)(4) operates to extend the period of limitations on assessments and collections with regard to only those taxes that both the Secretary and the taxpayer explicitly agree to in writing. See sec. 6501(c)(4); see also <u>Pursell v. Commissioner</u>, 38 T.C. 263, 278 (1962), affd. 315 F.2d 629 (3d Cir. 1963). Contract principles are pivotal in determining the existence and scope of that agreement because section 6501(c)(4) requires a written agreement. See <u>Mecom v. Commissioner</u>, 101 T.C. 374, 384 (1993), affd. 40 F.3d 385 (5th Cir. 1994). Section 6229(b)(3) imposes a default rule for purposes of determining whether an agreement encompasses assessments that are attributable to partnership items. It provides that any agreement under section 6501(c)(4) shall apply to partnership-level adjustments only if the agreement expressly provides that it applies to tax attributable to partnership items. See sec. 6229(b)(3). We also note that this limitation on the scope of an agreement under section 6501(c)(4) is meaningless if, as petitioner argues, section 6501 has no application to the period

---

[26]TRA sec. 1233(c), 111 Stat. 1023-1024, amended Code sec. 6229(b). Prior to the amendment, sec. 6229(b)(3) was sec. 6229(b)(2).

of limitations for assessments attributable to partnership or affected items.

g. Nonfilers

In response to petitioner's policy arguments, respondent notes that petitioner's position leaves a gap with respect to nonfilers; i.e., partners who fail to file their own returns. Respondent states:

> under petitioner's proposed interpretation of section 6229, if a timely filed partnership return reports income, the Commissioner would be unable to assess tax attributable to such income more than three years after the partnership return is filed despite the fact that a partner, the only party against whom tax may be assessed, has filed no return.

Respondent's point is well taken. Congress has determined that the period for assessment does not run with respect to nonfilers. See sec. 6501(c)(3). Section 6229(c)(3) provides that where no partnership return is filed, tax attributable to partnership items (or affected items) may be assessed at any time. Section 6229 contains no parallel provision for partners who fail to file their own returns. This is undoubtedly because the applicable section 6501 period never begins to run for a nonfiling partner.

h. Conclusion

Respondent carried out the unified examination of the partnership that Congress had in mind when it enacted the TEFRA partnership provisions. As a result of that examination, respondent determined that an adjustment was necessary and issued

a notice of final partnership administrative adjustment. Since respondent did not make any change in the gross income of the partnership, the special rule of section 6229(c)(2) (substituting 6 years for 3 years in section 6229(a) on account of a substantial omission of income from the partnership return) is of no application. Nevertheless, if respondent's adjustments are sustained, it appears that petitioner has made a substantial omission of income from its corporate return, with the consequence that (absent adequate disclosure) the section 6501 period of limitations for the assessment of any tax with respect to petitioner is 6 years rather than 3 years. See sec. 6501(e)(1)(A). As discussed above, section 6501 provides the period of limitations within which "the amount of any tax imposed by this title shall be assessed". Sec. 6501(a). Section 6501 contains no exception for deficiencies attributable to partnership items. Therefore, we shall not grant petitioner's motion to the extent it is based on the ground that section 6501 can have no possible application to this case.

### 3. FPAA Suspended the Section 6501 Period To Assess Tax

#### a. Introduction

Petitioner next claims that, even if the 6-year period specified in section 6501(e)(1)(A) is applicable, the 6-year period has expired. Petitioner's claim is based on the argument that respondent's issuance of the FPAA did not suspend the

running of the 6-year period. We disagree with petitioner's analysis.

b. Facts

Petitioner filed its 1990 Federal income tax return, Form 1120, U.S. Corporation Income Tax Return, on or about September 15, 1991. On September 12, 1997, respondent issued the FPAA. The FPAA was issued before the expiration of 6 years from the date petitioner filed its corporate return. On February 4, 1998, in response to the FPAA, petitioner timely filed the petition in this case. The question we must answer is whether the issuance of the FPAA and the filing of the petition suspended the running of the 6-year period of limitations contained in section 6501(e).[27]

Section 6229(d) provides:

> SEC. 6229(d). Suspension When Secretary Makes Administrative Adjustment.--If notice of a final partnership administrative adjustment with respect to any taxable year is mailed to the tax matters partner, the running of the period specified in subsection (a) (as modified by other provisions of this section) shall be suspended--
>
> > (1) for the period during which an action may be brought under section 6226 (and, if a petition is filed under section 6226 with respect to such administrative adjustment, until the decision of the court becomes final), and

---

[27]The FPAA was too late to suspend the minimum 3-year period provided for in sec. 6229(a). That period ran on either Sept. 15 or 17, 1994. See discussion supra p. 7 & note 10. It could not thereafter be suspended by the FPAA, which was issued on Sept. 12, 1997. See sec. 6229(d).

(2) for 1 year thereafter. [Emphasis added.[28]]

The question we must answer is what is "the period specified in subsection (a)", the running of which is suspended? Subsection (a) initially refers to "the period for assessing any tax * * * which is attributable to any partnership item". As we have previously held, this is generally the period prescribed in section 6501. Subsection (a) then provides that the above-referenced period for assessing any tax "shall not expire before" 3 years after the later of the partnership return due date or filing date. As previously explained, this "minimum period" may be greater or less than the period provided for in section 6501. If the reference in section 6229(d) to "the period specified in subsection (a)" means only the "minimum period", an FPAA issued after the "minimum period", but while the section 6501 period is still open, would not suspend the running of the section 6501 period. If, on the other hand, the "period specified in subsection (a)" means "the period for assessing any tax * * *

---

[28]Sec. 6229(d)(1) was amended by TRA sec. 1233(a), 111 Stat. 1023. Prior to amendment, sec. 6229(d)(1) read as follows:

(1) for the period during which an action may be brought under section 6226 (and, if an action with respect to such administrative adjustment is brought during such period, until the decision of the court in such action becomes final), and

The amendment applies to partnership tax years with respect to which the period under Code sec. 6229 for assessing tax has not expired on or before Aug. 5, 1997.

which is attributable to any partnership item" (which period
"shall not expire before" 3 years after the later of the filing
of the partnership return or its due date), the issuance of the
FPAA and the subsequent partnership-level litigation would
suspend the running of any applicable period of limitations.  We
think that the latter interpretation is the correct one.  We
recognize that the disputed statutory language is not a model of
clarity.  Thus, in arriving at our conclusion that section
6229(d) suspends the running of any applicable period of
limitations when an FPAA is issued and during the pendency of
litigation in this Court, we again apply the well-established
rule stated by the Supreme Court in Badaracco v. Commissioner,
464 U.S. at 391-392:

> "Statutes of limitation sought to be applied to bar
> rights of the Government, must receive a strict
> construction in favor of the Government."  E.I. du Pont
> de Nemours & Co. v. Davis, 264 U.S. 456, 462 (1924).
> See also Lucas v. Pilliod Lumber Co., 281 U.S. 245, 249
> (1930).  More recently, Judge Roney, in speaking for
> the former Fifth Circuit, has observed that
> "limitations statutes barring the collection of taxes
> otherwise due and unpaid are strictly construed in
> favor of the Government."  Lucia v. United States, 474
> F.2d 565, 570 (1973).[29]

Our interpretation of section 6229(d) conforms to the
general statutory scheme for allowing taxpayers to contest the

---

[29]See also Colestock v. Commissioner, 102 T.C. 380, 387
(1994), and Fehlhaber v. Commissioner, 94 T.C. 863, 868 (1990),
affd. 954 F.2d 653 (11th Cir. 1992), in which we applied this
rule when interpreting provisions of the statute of limitations
in sec. 6501.

Commissioner's income tax determinations prior to assessment and collection. The general statutory scheme provides that no assessment of a deficiency can be made prior to notice and an opportunity to petition this Court. See sec. 6213. While issues are pending before this Court, the period of limitations for assessment is generally suspended. Section 6503 provides that the mailing of a valid deficiency notice suspends the running of the period of limitations with respect to the tax liability that is the subject of such notice. In the event a petition is filed with this Court, section 6503(a) also suspends the running of the period of limitations until 60 days after the decision of this Court becomes final. This protects the Government against the running of the period of limitations during the time when it is statutorily prohibited from assessing any deficiency.

The TEFRA partnership provisions, which provide for partnership issues to be determined at the partnership level, parallel the deficiency procedures to the extent that notice (the FPAA) and the right to petition this Court must generally be given prior to making any assessments attributable to partnership items or affected items. See secs. 6225 and 6226. Section 6229(d) is the partnership-level counterpart to section 6503 in that it provides for the suspension of the running of the period of limitations during the period in which the Government is prohibited from assessing tax attributable to a partnership item

or affected item. Our interpretation of section 6229(d), as suspending the running of any open period of limitations applicable to petitioner on the date the FPAA was issued, is consistent with the overall statutory scheme of the Code which is to suspend the running of the applicable period of limitations for making assessments during the time when taxpayers are permitted to contest the Government's determination and during which time the Government is statutorily prohibited from making an assessment. Were we to interpret section 6229(d) as only suspending the minimum period, i.e., 3 years from the later of the due date or filing date of the partnership return, the issuance of an FPAA would not suspend the running of the applicable period of limitations under section 6501. This would result in the running and expiration of the applicable period of limitations during the course of proceedings to resolve the underlying dispute. We think it highly unlikely that Congress intended to create a preassessment procedure for partners to contest partnership determinations, during which the Government is prohibited from making related assessments, while at the same time allowing the applicable period of limitations to expire during the time those preassessment procedures are being utilized.

Our conclusion that the reference in section 6229(d), to the "period specified in subsection (a)", refers to the "period for

assessing any tax imposed by subtitle A"[30] and not just the minimum period included in subsection (a) is also supported by the same interpretation that is required to achieve the congressional purpose in section 6229(b)(3), which provides:

> SEC. 6229(b). Extension by Agreement.--
>
> \*     \*     \*     \*     \*     \*     \*
>
> (3) Coordination with section 6501(c)(4).-- Any agreement under section 6501(c)(4) shall apply with respect to <u>the period described in subsection (a)</u> only if the agreement expressly provides that such agreement applies to tax attributable to partnership items. [Emphasis added.[31]]

As previously explained, the above-quoted provision was intended to allow taxpayers and the Commissioner to extend the period of limitations for assessments of tax attributable to partnership items <u>only</u> where the extension agreement expressly provides that it applies to tax attributable to partnership items. Thus, the conference committee report for TEFRA states: "An agreement under section 6501(c)(4) (relating to agreements to extend the period for assessment) will apply to partnership items only if it expressly so provides." H. Conf. Rept. 97-760, at 606 (1982), 1982-2 C.B. 600, 665. In 2 Willis et al., Partnership

---

[30]The tax referred to in sec. 6229(a) is restricted to tax "attributable to any partnership item (or affected item)". Sec. 6229(a).

[31]TRA sec. 1233(c), 111 Stat. 1023-1024, amended Code sec. 6229(b). Prior to the amendment, sec. 6229(b)(3) was sec. 6229(b)(2).

Taxation, par. 20.08[2][a] (6th ed. 1999), it is explained:  "A standard extension of the limitations period under §6501(c)(4) (Treasury Form 872) with respect to nonpartnership items does not apply to partnership and affected items unless it specifically so provides."  See also Cohen & Millman, "The Statute of Limitations for Partners", 5 J. Psp. Taxn. 256, 257 (1988).  However, if the language in section 6229(b)(3) requiring an express provision for partnership items is interpreted to apply only when extending the minimum period of limitations in subsection (a), the legislative purpose would be thwarted.  Such a narrow interpretation of "the period described in subsection (a)" would mean that the specificity required in an extension agreement referred to in section 6229(b)(3) was required only to extend the minimum period.  There would be no such requirement to refer explicitly to partnership-related assessments when extending the regular periods of limitations provided in section 6501.  But this is clearly not what Congress intended by section 6229(b).  The only way to achieve the legislative objective is to interpret the reference in section 6229(b)(3) consistently with the way we interpreted section 6229(d).  Thus, the reference in section 6229(b)(3) to "the period described in subsection (a)" refers to

the "period for assessing any tax imposed by subtitle A" rather than just the minimum period language.[32]

Interpreting "the period specified in subsection (a)" in section 6229(d) as referring only to the minimum period for making assessments would produce additional anomalous results. For example, suppose that during the examination of a partnership, and within 3 years of the filing of the partnership return, the Commissioner and most of the partners agree to extend the period of limitations as to partnership items. The only partners who do not extend the period of limitations are those who failed to file individual returns and could not be located. More than 3 years after the filing of the partnership return and due date, but prior to the end of the period as extended, an FPAA is issued. Under any possible interpretation of section 6229(d), the FPAA suspends the period of limitations for assessments attributable to any partnership item (or affected item) for the partners who signed extensions. Under section 6501(c)(3), the tax for those partners who did not file individual returns can be assessed at any time. However, if the partners who failed to file timely individual returns, file their individual returns after a partnership-level proceeding is commenced, the normal 3-

---

[32]We recognize that sec. 6229(d) uses the word "specified" and sec. 6229(b) uses the word "described" when referring to subsection (a). We discern no difference in meaning between the two words in this context.

year period of limitations begins to run when those delinquent returns are filed.  See <u>Badaracco v. Commissioner</u>, 464 U.S. 386, 401 (1984).  If the issuance of the FPAA and the commencement of the partnership action do not suspend the running of the normal section 6501(a) 3-year period of limitations for the partners who failed to timely file, and the decision of the Court does not become final within 3 years of the date they filed delinquent returns, the statute of limitations will bar assessment against the partners who failed to timely file individual returns, while the period of limitations will remain open for partners who filed timely returns.  Again, it is highly improbable that Congress could have intended such a result.[33]

---

[33]In <u>Fehlhaber v. Commissioner</u>, 94 T.C. 863, 870 (1990), we used a similar analysis in interpreting sec. 6501 stating:

> As we see it, the rationale of the Court of Appeals could lead to unintended and adverse consequences for taxpayers and the Internal Revenue Service.  For example, if the information return rather than the shareholder's return starts the running of the statutory period for assessment, then the time would expire 3 years after the filing of the information return even if the shareholder did not file a return.  While section 6501(c)(3) extends the assessment period indefinitely as to taxpayers who fail to file returns, the effect of the Ninth Circuit's decision would be to engraft an exception for taxpayers who are shareholders of S corporations.  Those taxpayers would have a 3-year period with respect to flow-through items--a result clearly incorrect as a matter of law, policy, and judicial prerogative.  Cf. <u>Badaracco v. Commissioner</u>, 464 U.S. at 401. * * *

See also <u>Badaracco v. Commissioner</u>, 464 U.S. 386, 395-396 (1984),

(continued...)

Our conclusion that the period of limitations referred to in section 6229(d) is the period of limitations that remains open when the FPAA is issued, rather than just the minimum period, is also consistent with the language of the conference committee report for TEFRA, which states:

> The period for assessment is suspended upon mailing of a notice of FPAA until the expiration of the period during which a petition for judicial review may be filed by any partner (or, if an action is brought during such period, until the decision of the court has become final) and for one year thereafter. [H. Conf. Rept. 97-760, supra at 606, 1982-2 C.B. at 665-666; emphasis added.]

Based on all the foregoing considerations, we believe that our interpretation of section 6229(d) is the more reasonable one; especially in light of the previously mentioned admonition of the Supreme Court that statutes of limitations are to be strictly construed in favor of the Government.[34]

---

[33](...continued)
where in interpreting the statute of limitations in sec. 6501, the Court stated:

> We agree with the conclusion of the Court of Appeals in the instant cases that Congress could not have intended to "create a situation in which persons who committed willful, deliberate fraud would be in a better position" than those who understated their income inadvertently and without fraud. * * *

[34]Recently, the Supreme Court again had occasion to comment on its approach to construing statutes of limitations when it stated:

> Even if it could credibly be argued that §6501(a)
>                                           (continued...)

## 4. Adequate Disclosure

Finally, petitioner argues that the 6-year period is inapplicable because petitioner's return adequately disclosed any omitted income.  See sec. 6501(e)(1)(A)(ii).  Adequate disclosure requires that the return provides a "clue to the existence of the omitted item."  Colony, Inc. v. Commissioner, 357 U.S. 28, 36 (1958).  The "clue" does not have to be a detailed revelation of every fact underlying the transaction, but must be sufficiently detailed to apprise respondent of the nature and amount of the transaction.  See Estate of Fry v. Commissioner, 88 T.C. 1020, 1023 (1987); Quick Trust v. Commissioner, 54 T.C. 1336, 1347 (1970), affd. 444 F.2d 90 (8th Cir. 1971).  The parties disagree over whether the return provides a clue.  Indeed the parties disagree over which documents comprise the "return".[35]  Such

---

[34](...continued)
is ambiguous because it does not expressly indicate how it is to be applied to S corporations and their stockholders, the Commissioner's construction of the section is a reasonable one to say the least, and we should accept it absent convincing grounds for rejecting it.  As noted in Badaracco v. Commissioner, 464 U.S. 386 (1984), "'limitations statutes barring the collection of taxes otherwise due and unpaid are strictly construed in favor of the Government.'"  Id., at 392 (quoting Lucia v. United States, 474 F.2d 565, 570 (CA5 1973)).  [Bufferd v. Commissioner, 506 U.S. 523, 527-528 n.6 (1993).]

[35]As a general rule, information contained in a partnership return will be taken into consideration in determining whether an omitted item was adequately disclosed on the return of a partner for purposes of sec. 6501(e)(1)(A)(ii).  See Quick Trust v.

(continued...)

disagreements present genuine issues of material fact, making a summary judgment improper.  See Rule 121(b).

III.  Conclusion

The motion shall be denied.  To reflect the foregoing,

An appropriate order

will be issued.


Reviewed by the Court.

WELLS, COHEN, CHIECHI, VASQUEZ, GALE, THORNTON, and MARVEL, JJ., agree with this majority opinion.

---

[35](...continued)
Commissioner, 54 T.C. 1336, 1346 (1970), affd. 444 F.2d 90 (8th Cir. 1971).  Respondent's position in the related case, see GAF v. Commissioner, 114 T.C. ___ (2000), includes, among other arguments, the argument that certain trust returns necessary to petitioner's partnership return disclosure argument were never filed.

HALPERN, J., concurring in part and dissenting in part:

I.  Introduction

I agree with the majority's analysis of the relationship between sections 6229(a) and 6501 and its conclusions that (1) section 6229 and section 6501 provide alternative periods for the assessment of any tax attributable to partnership items and affected items and (2) section 6229(a) provides a 3-year minimum period (the 3-year minimum period) for such assessments.  I also agree with the majority that the question of whether there was adequate disclosure of any omitted income, which would negate the application of the 6-year limitations period provided by section 6501(e)(1)(A) (the 6-year period), raises genuine issues of material fact, making summary judgment improper.  I do not agree with the majority that respondent's issuance of a notice of final partnership administrative adjustment (FPAA) on September 12, 1997, 3 days prior to the expiration of the 6-year period (assuming that it does, in fact, apply in this case) suspended the running of such limitations period pursuant to section 6229(d).  I concur, however, with the result reached by the majority (that the running of the 6-year period was suspended on September 12, 1997) because of the concurrent issuance of a notice of deficiency under section 6212(a).[1]

---

[1]Without qualification, Judges Parr and Foley dissent from the majority's opinion.  They do not distinguish between the
(continued...)

- 44 -

II.  Dispute With the Majority

Section 6229(d) provides that, upon the mailing of an FPAA to the tax matters partner, "the running of the period specified in subsection (a) * * * shall be suspended".  On the facts of this case, there are three candidates for "the period specified in subsection (a)" (the period specified in subsection (a)).

---

[1](...continued)
majority's holdings that (1) with respect to the assessment of deficiencies attributable to partnership items and affected items, sec. 6229(a) provides an alternative, minimum period of limitations to the period set forth in sec. 6501(a), and (2) the Sept. 12, 1997, notice of final partnership administrative adjustment suspended the running of the 6-year period (assuming it is applicable).  I agree with the majority's first holding.  With respect to that holding, Judges Parr and Foley, apparently believing that the statute is clear on its face, have failed to answer the majority's analysis that sec. 6501(a) unequivocally provides the period of limitations within which the amount of any tax shall be assessed and, with respect to tax attributable to partnership items and affected items, sec. 6229(a) merely provides that such sec. 6501 period shall not expire "before" a certain date.

Moreover, sec. 6222(a) provides that a partner shall, on the partner's return, treat a partnership item consistently with the treatment of that item on the partnership's return (the consistency requirement).  Failure to comply with the consistency requirement opens the partner to the immediate assessment of any deficiency attributable to such inconsistency.  See sec. 6222(c).  Failure to comply with the consistency requirement is not taken into account under sec. 6229.  Therefore, if, as Judges Parr and Foley imply, sec. 6229 provides the exclusive period of limitations for assessing tax with respect to partnership items and affected items, inconsistent treatment of partnership items provides no basis for an extended period of limitations under sec. 6501.  It is difficult to believe that Congress intended such a result in the case of a fraudulent inconsistency or an inconsistency resulting in a substantial omission of income.  See sec. 6501(c)(1), (e)(1).

They are: (1) The 3-year minimum period, which ended 3 years after the partnership return was filed, (2) the 6-year period, which ended 6 years after petitioner's return was filed, and (3) the period that ended on the later to end of the 3-year minimum period and the 6-year period (the later-to-end period). The majority holds that the period specified in subsection (a) is the later-to-end period. I believe that it is the 3-year minimum period. That dispute would be academic, however, given the facts of this case, if the majority would adopt my analysis in the companion case, GAF Corp. & Subs. v. Commissioner, 114 T.C. __ (2000), and overrule Maxwell v. Commissioner, 87 T.C. 783 (1986), and the cases that have followed it, to the extent that they hold that we lack subject matter jurisdiction to redetermine a deficiency in tax attributable to affected items until the related partnership proceeding (if any) is completed. If the majority were to do so, then it would be compelled to hold that the notice of deficiency issued in GAF Corp., not the FPAA, was valid to suspend the 6-year period, petitioner's motion for summary judgment could still be denied, and this case could still proceed to determine whether, in fact, there was a 6-year period applicable under section 6501(e)(1)(A) and, if so, whether respondent's proposed adjustments should be sustained on the merits.

III.  Discussion

    A.  Introduction

    We must determine what Congress intended by its reference, in section 6229(d), to the period specified in subsection (a).  I believe that both technical and policy considerations lead to the conclusion that it is the 3-year minimum period and not, as the majority holds, the later-to-end period.

    B.  Section 6229(a) and (d)

    In pertinent part, section 6229(a) provides:

[T]he period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of--
        (1) the date on which the partnership return for such taxable year was filed, or
        (2) the last day for filing such return for such year (determined without regard to extensions).

In pertinent part, section 6229(d) provides that, if an FPAA is mailed to the tax matters partner, the running of the period specified in subsection (a) shall be suspended.  The verb "to specify" means "to state explicitly or in detail".  The American Heritage Dictionary 1730 (3d ed. 1992).  The only period explicitly set forth in subsection (a) of section 6229 is the 3-year minimum period.  Indeed, the sole purpose of section 6229(a) is to "specify" a 3-year minimum period as an alternative to the section 6501 period under circumstances in which the

latter expires sooner.  The language of the statute (section 6229(d)), thus, plainly, refers to the 3-year minimum period.

C.  Notice of Deficiency Required To Suspend the Section 6501 Period

I do not believe that, in adding the TEFRA partnership provisions,[2] Congress changed the general rule that, in order to suspend the section 6501 period particular to any partner, respondent must mail to that partner a notice of deficiency.  See sec. 6503(a)(1).

The 3-year minimum period is a minimum period common to all of the partners.  Partner-specific factors are irrelevant to a defense based on the expiration of the 3-year minimum period.  Expiration of the 3-year minimum period is determined solely with reference to the filing of the partnership return.  Any partner can defend for all the partners on the basis that the 3-year minimum period has expired.  In other words, if a defense based on the expiration of the 3-year minimum period is raised in a partnership proceeding, any disposition of that defense is conclusive for all of the parties to the proceeding.

The same cannot be said with respect to the later-to-end period.  When the later-to-end period is the period of

_____

[2]Sec. 402(a) of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324, 648, added subchapter C to chapter 63, subtitle F of the Internal Revenue Code (the TEFRA partnership provisions).  The TEFRA partnership provisions now comprise secs. 6221 through 6234.

limitations prescribed by section 6501 for the assessment and collection of any tax (the section 6501 period), it is specific to each partner. Each partner is entitled to participate in the partnership proceeding for the purpose of asserting a period of limitations defense. See sec. 6226(d)(1). If the majority is correct that an FPAA issued to the tax matters partner can suspend each partner's section 6501 period (with respect to partnership items and affected items), then each partner who believes that her section 6501 period had expired prior to the issuance of the FPAA will be required to defend against the FPAA. Indeed, unless all of the partners successfully raise a period of limitations defense against the FPAA, I assume that respondent would be entitled to continue the partnership action on the theory that there is at least one partner whose section 6501 period is still open.

The majority has painted itself into a corner by refusing to reconsider Maxwell v. Commissioner, supra. See GAF Corp. & Subs. v. Commissioner, 114 T.C. __ (2000). The majority does not agree that the period specified in subsection (a) is the 3-year minimum period because an FPAA issued thereafter would be ineffective to suspend any partner's unexpired section 6501 period. Of course, I agree with the majority that it is unlikely that Congress intended to create a preassessment procedure for partners to contest partnership determinations that could be manipulated to

frustrate, by delay, respondent's ability to collect any tax. Nevertheless, absent any extension of the 3-year minimum period, once that period has expired, the unity of a single entity-level period of limitations is at an end. The partnership items will still be determined in a unified partnership proceeding, but a partner is a party to that proceeding only if the section 6501 period particular to that partner has not expired. See sec. 6226(d)(1). Section 6503(a)(1) specifically provides that the running of the section 6501 period shall be suspended after the mailing of a notice of deficiency under section 6212(a). In order for respondent to proceed against one or more partners, for deficiencies attributable to partnership items or affected items, beyond the 3-year minimum period, but within the partner's section 6501 period, respondent should directly notify such partners of the partnership proceeding by notices of deficiency issued pursuant to section 6212.[3] Assuming that I am right that Maxwell v. Commissioner, supra, is wrong, my approach presents a technically more straightforward approach to the statute.[4]

---

[3]I assume that respondent would make a preliminary determination that the partners to whom he would send such notices of deficiency do, indeed, have open sec. 6501 periods.

[4]I recognize that the deficiency procedures provided for in subchapter B, chapter 63, subtitle F of the Internal Revenue Code (subchapter B), do not generally apply to the assessment and collection of any computational adjustment resulting from a partnership proceeding. See sec. 6230(a)(1). Unless subchapter B applies, respondent may have no authority to send the notice of

(continued...)

D.  Other Technical Considerations

The majority reads the reference to "the period described in subsection (a)" in paragraph (3) of section 6229(b) as a reference to the later-to-end period.  Paragraph (1)(B) of that same section contains the identical language:  "The period described in subsection (a) * * * may be extended * * * (B) with respect to all partners, by an agreement entered into by the Secretary and the tax matters partner * * *, before the expiration of such period."  (Emphasis added.)  Because of the interplay between sections 6229(b) and 6227(b);[5] it does not make sense to read section 6229(b)(1)(B) as referring to the later-to-end period.  Section 6227(a)(1) generally provides a 3-year period of limitations on the filing of administrative adjustment requests (partnership refund claims).  If a section 6229(b)

---

[4](...continued)
deficiency contemplated in sec. 6212(a).  Without such authority (which, here, respondent apparently does have), the sending of the notice of deficiency might not be effective under sec. 6503(a)(1) to suspend the sec. 6501 period.  That may be an appropriate result, however, since no partner-level determination is required.

[5]Sec. 6227(b) provides:

SEC. 6227(b). Special rule in case of extension of period of limitations under section 6229.
  The period prescribed by subsection(a)(1) for filing of a request for an administrative adjustment shall be extended--
      (1) for the period within which an assessment may be made pursuant to an agreement (or any extension thereof) under section 6229(b), and
      (2) for 6 months thereafter.

agreement (which, by virtue of section 6227(b), operates to extend the period for making partnership refund claims) may be entered into at any time within the later-to-end period, and if that period is 6 years, for example, it will be possible for such section 6229(b) agreement to "extend" the 3-year limitations period on partnership refund claims even after that period has expired. That possibility exists because section 6227(b), unlike section 6511(c)(1) (which similarly extends the section 6511(a) 3-year limitations period on refund claims in general), is not specifically limited in its application to circumstances in which the agreement to extend the period for assessments was entered into <u>during</u> the basic 3-year limitations period on filing refund claims. That apparent difference (which also makes no sense) between sections 6227(b) and 6511(c)(1) disappears, however, if we interpret the reference in section 6229(b)(1) to "[t]he period described in subsection (a)" as a reference to the 3-year minimum period.

The majority's concern that respondent could be caught off guard if most, but not all, of the partners agree to extend the statute of limitations during the 3-year minimum period (under section 6229(b)(1)(A), I assume), is easily remedied if respondent insists on an extension binding on all partners under section 6229(b)(1)(B). If no such extension is forthcoming,

respondent can issue an FPAA and suspend the 3-year minimum period pursuant to section 6229(d).

E.    Policy Considerations

My interpretation of Congress' intent based on the plain language of section 6229(d) is consistent with what I believe Congress intended to accomplish in enacting the TEFRA partnership provisions.  In Chef's Choice Produce, Ltd. v. Commissioner, 95 T.C. 388, 393 (1990), we described Congress' intent as follows:

> In enacting the partnership audit and litigation procedures, Congress contemplated the use of a unified proceeding in which all items of partnership income, loss, deduction, or credit that affect each partner's tax liability would be uniformly adjusted at the partnership level.  * * *

We reached the following conclusion:  "In the litigation context, Congress adopted the so-called 'entity theory' of partnership jurisprudence."  Id. (quoting Tempest Associates, Ltd. v. Commissioner, 94 T.C. 794, 802 (1990)).

My reading of the period specified in subsection (a) as the 3-year minimum period is consistent with the application of an entity theory to the litigation of partnership items.  In my view, policy dictates that the period for issuing an FPAA that can automatically affect all of the partners should be the 3-year minimum period, which is keyed to the partnership return.  Under the majority's interpretation of the period specified in subsection (a) as the later-to-end period, the aggregation of partners, each asserting an individual defense to the

administrative adjustment made by respondent to partnership items, is antithetical to the unified nature of a partnership proceeding. I would interpret section 6229(d) consistently with the entity theory of partnership reflected in Congress' establishment of the 3-year minimum period. I would, therefore, interpret the phrase "the period specified in subsection (a)" as a reference to the 3-year minimum period.

III. Conclusion

I believe that the better reading of section 6229(d) is that the period specified in subsection (a) is the 3-year minimum period. I reach the same result as the majority, however, because of my position in GAF Corp. & Subs. v. Commissioner, supra.

WHALEN and BEGHE, JJ., agree with this concurring opinion.

PARR, J., dissenting:  I agree with Judge Foley's dissenting

opinion and write separately only to note that in addition to

misinterpreting the plain meaning of the words in the statute at

issue, the majority today reverses the position maintained by

this Court for more than a decade and disregards the policy

concerns that served as the impetus for the TEFRA partnership

provisions.

Although the language of the statute leaves little doubt,

the answer to any question of whether section 6229(a) provides

the period of limitations for assessment with respect to

partnership items for any taxable year is made clear by the

legislative history of TEFRA.  The House conference report

provides:

> The period of assessment with respect to
> partnership items (or affected items) for any
> partnership taxable year shall not expire before 3
> years from the date of filing the partnership return
> or, if later, the last date prescribed for filing such
> return determined without extensions.  [H. Conf. Rep.
> 97-760, at 606 (1982), 1982-2 C.B. 600, 665.]

Accordingly, it is clear that the "minimum period" provided

by section 6229(a) is no more than the time that is the later of

3 years from the date that the partnership return was filed or

the latest date prescribed for filing the partnership return

without extensions.  For instance, if a calendar year partnership

filed its return on February 15, and the last date prescribed for

filing its return without extensions is April 15, the period of assessment does not expire until 3 years after April 15.

The only exceptions to this rule are provided by statute for the filing of a false partnership return, a substantial omission of partnership income, no partnership return, or a partnership return prepared by the Secretary under section 6020(b)(2). See sec. 6229(c)(1)-(4). In addition a partner may extend the section 6229(a) statute of limitations for himself, or the tax matters partner may, with the agreement of the Secretary, extend the statutory limitations period for all partners. See sec. 6229(b)(1). Therefore, the section 6229(a) period of limitations is not extended by a partner's later expiring section 6501 limitation period.

In holding that section 6229 provides nothing more than a "minimum period" of limitations as an alternative to the section 6501 limitations period, the majority abandons our own precedent that section 6229(a) establishes the limitations period for assessment of partnership items. See Wind Tech. Associates, III v. Commissioner, 94 T.C. 787, 788 (1990) ("Section 6229(a) provides generally for a 3-year period of limitations for the assessment of tax attributable to partnership items. * * * The running of the limitations period is suspended when an FPAA for the taxable year is mailed to the tax matters partner." (citation omitted.)); Barbados #7 Ltd. v. Commissioner, 92 T.C. 804, 808

(1989) ("Section 6229(a) provides for a 3-year limitation period for the assessment of tax attributable to a partnership item.").

Furthermore, in Roberts v. Commissioner, 94 T.C. 853, 857 (1990), the section 6229(a)limitations period had expired when the FPAA's were issued, and we found that:

> Consequently, the tax treatment of all partnership items with respect to these partnerships is final in accordance with the tax returns filed by these partnerships.  Clearly, there can be no partnership proceedings to adjust or modify the partnership items as reported * * * .[1]

Sections 6229 and 6501 provide parallel but independent statutes of limitation.  Section 6229(b)(2),[2] which is the only subsection of section 6229 that refers to section 6501, provides that any agreement under section 6501(c)(4)[3] shall apply with

---

[1]See also 1 McKee et al., Federal Taxn. of Partnerships & Partners, par. 9.07[6], at 9-204 n.1027 (3d ed. 1997) (once the limitations period has run, the tax treatment of all partnership items is final in accordance with the returns filed by the partnership).

Deficiency proceedings do apply, however, to the assessment of affected items which require partnership level determinations and to the assessment of partnership items that have become nonpartnership items.  See sec. 6230(a)(2)(A); Roberts v. Commissioner, 94 T.C. 853, 859, 861 (1990).

[2]The Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1233(c), 111 Stat. 1023-1024, amended sec. 6229(b) by redesignating par. (2) as par. (3) and by inserting after paragraph (1) a new par. (2), effective for agreements entered into after Aug. 5, 1997.

[3]Sec. 6501(c)(4), titled Extension By Agreement, provides:

Where, before expiration of the time prescribed in this
(continued...)

respect to the period described in subsection (a) only if the agreement expressly provides that such agreement applies to tax attributable to partnership items.

Therefore, normal extensions of a partner's personal limitations period pursuant to section 6501(c)(4) are <u>not</u> applicable to extend the period of limitations with respect to partnership items <u>unless</u> the agreement expressly so provides.

This is because Congress intended TEFRA to provide uniform treatment of partnership items to all the partners. It is clear that for this result to obtain, sections 6229 and 6501, while parallel in their provisions, must be independent.[4] Thus,

---

[3](...continued)
section for the assessment of any tax imposed by this title, * * * , both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. * * *

Sec. 6501(c)(4) provides only for the extension of the sec. 6501 limitations period. Therefore, if sec. 6501 were the controlling statute of limitations for assessments attributable to partnership items, a normal sec. 6501(c)(4) agreement would extend the sec. 6229(a) period for assessment of partnership items, which would make sec. 6229(b)(2) superfluous.

[4]Furthermore, although it is not an issue in the instant case, respondent asserts that if petitioner's view is accepted, a non-filing partner would escape taxation on a properly reported partnership item. Majority op. p. 29. However, there is no limitation on assessing against a non-filer. See sec. 6501(c)(3). Therefore, a non-filing partner would gain no immunity on a partnership item by way of section 6229, because if the item was properly reported by the partnership there would be no partnership-level issue and section 6229 would never come into play.

(continued...)

treatment of one partner separate from the others requires a special agreement by that partner.

As the majority states, the intent of TEFRA is to provide a unified proceeding that will result in consistent treatment of partnership items to all partners:

---

[4](...continued)

The separateness of a proceeding with respect to a partner and a proceeding with respect to a partnership is evident from the legislative history which provides:

> A judicial determination of a partner's income tax liability not resulting from a partnership proceeding will not bar any adjustment to such liability attributable to the treatment of partnership items pursuant to a proceeding under these rules. [H. Conf. Rept. 97-760, at 610 (1982), 1982-2 C.B. 600, 668.]

See also sec. 6222(c) (if the partner fails to notify the Secretary of its inconsistent treatment of a partnership item, the Secretary may make a computational adjustment to conform the partnership item to the partnership return and may assess immediately the tax deficiency arising from the adjustment); sec. 301.6222(a)-1T(c), Example (1), Temporary Income Tax Regs., 52 Fed. Reg. 6779 (Mar. 5, 1987) (if the partnership reports income in one calendar year, the partners are required to report income in that calendar year).

However, if the partnership did not file a return, i.e., the partnership is a non-filer, sec. 6229(c)(3) provides that any tax attributable to a partnership item may be assessed at any time. Again, note that the secs. 6501 and 6229 provide similar remedies, but they do so separately.

Implicit in sec. 6229(c) is that the sec. 6229 limitation period controls the partner-level limitations period with respect to partnership items. That is, if the partnership-level limitations period has not expired, then even if the partner-level limitations period has run, the Commissioner may assess the tax that is attributable to any partnership item.

Before TEFRA, adjustments with respect to partnership items were made to each partner's income tax return at the time (and if) that return was examined. * * * The tax writing committees explained the TEFRA partnership provisions as follows: "[T]he tax treatment of items of partnership income, loss, deductions, and credits will be determined at the partnership level in a unified partnership proceeding rather than in separate proceedings with the partners." * * * Thus, section 6221 provides for the determination of all partnership items at the partnership level rather than at the partner level. [Majority op. pp. 11-12; citations omitted.]

Despite its acknowledgment of the purpose of the TEFRA partnership rules, the majority holds that if the partner's personal limitations period has not expired, then the partnership's limitations period is irrelevant with respect to that partner so that the Commissioner may make a partnership-level determination of a partnership item, which would apply to only the partner with the unexpired personal limitations period. This result is contrary to the statutory scheme and frustrates the TEFRA goal to minimize inconsistent treatment of partners.

In addition to providing inconsistent treatment of partnership items, the majority's holding will complicate the administration of the TEFRA statutes because it will cause nonpartnership items to be adjudicated in TEFRA partnership-level proceedings, which result is inconsistent with TEFRA policy.[5]

---

[5]The separate treatment of partnership and nonpartnership items in partnership proceedings is integral to the statutory framework of TEFRA and reflects the intent of Congress. For instance,

(continued...)

For example, if the FPAA is issued after the 3-year period of limitations provided in section 6229(a), and none of the special rules of section 6229(c) apply, each partner will be obligated separately to assert its own section 6501 statute of limitations defense in the TEFRA partnership-level proceeding. In this circumstance, each partner's proof will require the court to adjudicate items that have no relevance to the partnership; e.g., whether the partner filed a return, whether the partner executed a valid section 6501(c)(4) extension that did not expire before the FPAA was issued, whether the partner omitted from gross income an amount (including nonpartnership income) properly

---

[5](...continued)

Neither the Secretary nor the taxpayer will be permitted to raise nonpartnership items in the course of a partnership proceeding nor may partnership items, except to the extent they become nonpartnership items under the rules, be raised in proceedings relating to nonpartnership items of a partner.

The separate statute of limitations applicable to nonpartnership items of a partner may have expired when the computational adjustment of a partner's tax liability attributable to a FPAA or final court decision is made. In such case neither the Secretary (to reduce a refund) nor a partner (to reduce an assessment) may raise nonpartnership items in determining the partner's tax liability resulting from such computational adjustment. [H. Conf. Rept. 97-760, at 611 (1982), 1982-2 C.B. 600, 668.]

See also Maxwell v. Commissioner, 87 T.C. 783, 788 (1986) (Court cannot consider partnership items in a partner's personal case or nonpartnership items in the partnership proceeding).

includable therein which is in excess of 25 percent of the amount of gross income stated in the return, etc.

In contrast, if section 6229 is the only assessment period for TEFRA partnership items, the only relevant facts will be the partnership-related facts. This will result in adjustments in the tax treatment of partnership items in one proceeding at the partnership level, rather than in separate proceedings with the partners. Thus, interpreting section 6229(a) as it is written and as Congress intended effects an entity approach that results in minimizing the inconsistent and unfair treatment of the same partnership item.

Accordingly, I respectfully dissent.

CHABOT and FOLEY, JJ., agree with this dissent.

FOLEY, J., dissenting:   The majority highlights the anomalous results, gaps in the application of the statutory scheme, and tax policy concerns if section 6229(d) does not suspend the section 6501 period of limitations.  If the statute needs repair we are not charged with the responsibility of fixing it.  See Resolution Trust Corp. v. Westgate Partners, Ltd., 937 F.2d 526, 531 (10th Cir. 1991)(stating that it is the function of the legislative branch, not the judicial branch, to make the laws).  The majority states that the statutory regime is "distressingly complex" and "not a model of clarity", yet exacerbates this ostensible problem by forcing section 6501, an inapplicable provision, into section 6229(a).  Where a statute is clear on its face, we require unequivocal evidence of legislative purpose before construing the statute so as to override the plain meaning of the words used therein.  See Huntsberry v. Commissioner, 83 T.C. 742, 747-748 (1984).  There is no such evidence of legislative purpose.

Section 6229(a) and (d) does not reference the section 6501 limitations period.  The "period specified in subsection (a)", referenced by subsection (d), is the 3-year period expiring on the later of the date the partnership return is filed, or the last day for filing such return.  The statute and legislative history do not support the majority's holding.

In essence, the majority's holding rests on the Supreme Court's pronouncement that a statute of limitations receives strict construction in favor of the Government. See E.I. DuPont De Nemours & Co. v. Davis, 264 U.S. 456, 462 (1924). Strict construction is a "close or rigid reading and interpretation of a law" and "refuses to expand the law by implications or equitable considerations". Black's Law Dictionary 1422 (6th ed. 1990). The majority, however, stretches the applicability of the statute to ensure that the Government prevails. That is reconstruction, not strict construction. Accordingly, I respectfully dissent.

CHABOT and PARR, JJ., agree with this dissent.