T.C. Memo. 2009-195


UNITED STATES TAX COURT


INTERMOUNTAIN INSURANCE SERVICE OF VAIL, LIMITED LIABILITY
COMPANY, THOMAS A. DAVIES, TAX MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25868-06.              Filed September 1, 2009.


        P moved for summary judgment on the ground that R's
partnership item adjustments were made after the general 3-
year period of limitations for assessing tax had expired.  R
argues that an extended 6-year period of limitations
applies.

        Held: The 3-year period of limitations is applicable.
Thus P's motion for summary judgment will be granted.


Steven R. Anderson, for petitioner.

Gary J. Merken, for respondent.

MEMORANDUM OPINION

WHERRY, Judge:  This case is before the Court on petitioner's January 18, 2008, motion for summary judgment.  The sole issue for decision is whether a basis overstatement constitutes a substantial omission from gross income that can trigger an extended 6-year period of limitations.  See secs. 6229(c)(2), 6501(e)(1)(A).[1]  We follow our opinion in Bakersfield Energy Partners, LP v. Commissioner, 128 T.C. 207 (2007), affd. 568 F.3d 767 (9th Cir. 2009), and hold that the extended limitations period does not apply.

## Background

Intermountain Insurance Service of Vail, LLC (Intermountain), engaged in a series of transactions--some of which increased tax basis--culminating in the sale of business assets on August 1, 1999, for $1,918,844.  It reported the $1,918,844 gross sales price and, after deducting $131,544 of allowed or allowable depreciation, claimed a stepped-up $2,061,808 basis in the assets, on a Form 4797, Sales of Business Property, attached to its 1999 Form 1065, U.S. Partnership Return of Income.  It filed that return on September 15, 2000.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax year at issue (Code), and all Rule references are to the Tax Court Rules of Practice and Procedure.

Almost 6 years later, on September 14, 2006, respondent issued a notice of final partnership administrative adjustment (FPAA) with respect to Intermountain's 1999 tax year. Respondent found that some of the transactions Intermountain engaged in were improper and ineffective for Federal income tax purposes and consequently determined that Intermountain had improperly claimed a $13 expense, overstated capital contributions by $2,197,696, overstated outside partnership basis by $2,061,808, and improperly claimed an $87,680 loss.

Petitioner challenges the timeliness of the FPAA, arguing that the general 3-year period of limitations had already expired when respondent issued the FPAA. Petitioner further cites Bakersfield Energy Partners, LP v. Commissioner, supra, for the proposition that a basis overstatement cannot trigger an extended 6-year period of limitations under either section 6229(c)(2) or 6501(e)(1)(A). Respondent asserts that we decided Bakersfield incorrectly and urges us to overrule it.[2]

### Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). A party moving for summary judgment bears the burden of demonstrating that no

---

[2]Respondent provides no other reason--beyond the application of sec. 6501(e)(1)(A)--why the period of limitations would have remained open.

genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994), cert. denied 513 U.S. 821 (1994).  Facts are viewed in the light most favorable to the nonmoving party.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).  Where a motion for summary judgment has been properly made and supported by the moving party, the nonmoving party "may not rest upon the mere allegations or denials" contained in that party's pleadings but must by affidavits or otherwise "set forth specific facts showing that there is a genuine issue for trial."  Rule 121(d).

The Code does not provide a period of limitations within which the Commissioner must file an FPAA.  See Curr-Spec Partners, L.P. v. Commissioner, __ F.3d __ (5th Cir., Aug. 11, 2009), affg. T.C. Memo. 2007-289; Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533, 534-535 (2000).  However, any partnership item adjustments made in an FPAA will be time barred at the partner level if the Commissioner does not issue the FPAA within the applicable period of limitations for assessing tax attributable to partnership items.  Curr-Spec Partners, L.P. v. Commissioner, supra at ____ (slip op. at 5); Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, supra at 535.

The general period of limitations for assessing tax is 3 years from the filing of a Federal income tax return. Sec. 6501(a). That period is extended to 6 years "If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return". Sec. 6501(e)(1)(A). For the assessment of tax attributable to a partnership item, the period of limitations remains open at least for 3 years after the date the partnership return was filed or 3 years after the last day, disregarding extensions, for filing the partnership return, whichever is later. Sec. 6229(a). The period of limitations for assessing tax attributable to partnership items remains open for at least 6 years after the later of the two dates described in section 6229(a) "If any partnership omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in its return". Sec. 6229(c)(2).

For the purpose of ruling on petitioner's motion for summary judgment we view the facts in the light most favorable to respondent and assume that the adjustments that respondent made in the FPAA to Intermountain's partnership return are correct. The parties agree that respondent issued the FPAA after the 3-year periods described in sections 6229(a) and 6501(a) had expired. But they disagree whether a basis overstatement by

Intermountain could have extended the period of limitations for assessing tax under either section 6229(c)(2) or section 6501(e)(1)(A).[3]  Our opinion in <u>Bakersfield Energy Partners, LP v. Commissioner</u>, 128 T.C. 207 (2007), is directly on point.[4]

---

[3]Respondent argues that sec. 6501(e)(1)(A) applies, but he mostly likely meant to cite sec. 6229(c)(2).  Sec. 6501(e)(1)(A) refers to a <u>taxpayer's</u> omission from gross income, the amount of gross income stated on a <u>taxpayer's</u> Federal income tax return, and a period running from the filing of a <u>taxpayer's</u> return. Respondent, however, has only provided information about Intermountain's omission from gross income, the amount of gross income stated on Intermountain's partnership return, and the period running from the filing of that partnership return.  These are considerations directly relevant to sec. 6229(c)(2) and only tangentially relevant to sec. 6501(e)(1)(A).

[4]Under <u>Golsen v. Commissioner</u>, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), we "follow a Court of Appeals decision which is squarely in point where appeal from our decision lies to that Court of Appeals".  See <u>Lardas v. Commissioner</u>, 99 T.C. 490, 495 (1992).  If the Court of Appeals has not yet decided the issue, however, we will give effect to our own views.  <u>Id.</u>  Petitioner states in his petition that Intermountain has no principal place of business, suggesting that--absent stipulation to the contrary--this case may be appealable to the Court of Appeals for the District of Columbia Circuit.  See sec. 7482(b)(1).  Respondent adds that the case may be appealable to the Court of Appeals for the Eighth Circuit if Intermountain continued to have a place of business while it was winding up its affairs.  If that is the case, we question whether an appeal might actually lie in the Court of Appeals for the Tenth Circuit because Intermountain was organized under the laws of Colorado and, at least at one point, had its principal place of business in that State.  Ultimately we do not need to answer the question of proper venue because none of those Courts of Appeals has decided the issue before us.  We will therefore follow our opinion in <u>Bakersfield Energy Partners, LP v. Commissioner</u>, 128 T.C. 207 (2007), affd. 568 F.3d 767 (9th Cir. 2009).

In <u>Bakersfield Energy Partners, LP v. Commissioner</u>, <u>supra</u> at 213-215, we held that a basis overstatement is not an omission from gross income.  We applied the Supreme Court's holding in <u>Colony, Inc. v. Commissioner</u>, 357 U.S. 28, 33 (1958), and stated that "the extended period of limitations applies to situations where specific income receipts have been 'left out' in the computation of gross income and not when an understatement of gross income resulted from an overstatement of basis." <u>Bakersfield Energy Partners, LP v. Commissioner</u>, <u>supra</u> at 213 (paraphrasing <u>Colony</u>).

The Court of Appeals for the Ninth Circuit affirmed our opinion in <u>Bakersfield</u>, concluding that "Under *Colony*, Bakersfield's allegedly overstated basis is not an omission from gross income under § 6501(e)(1)(A) or § 6229(c)(2)." <u>Bakersfield Energy Partners, LP v. Commissioner</u>, 568 F.3d at 778.  The Court of Appeals for the Federal Circuit also recently held that <u>Colony</u> controlled the disposition of a section 6501(e)(1)(A) case involving a basis overstatement.  <u>Salman Ranch Ltd. v. United States</u>, __ F.3d __, __ (Fed. Cir., July 30, 2009) (slip op. at 28) ("Our holding today is consistent with the June 17, 2007 decision of the Ninth Circuit in [<u>Bakersfield</u>]."); see also <u>Beard v. Commissioner</u>, T.C. Memo. 2009-184.  We hereby reaffirm our

holding in <u>Bakersfield</u> and decline respondent's invitation to overrule it.[5]

The Court has considered all of respondent's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>An order and decision for</u>

<u>petitioner will be entered</u>.

---

[5]Respondent insists that we should not rely on <u>Colony, Inc. v. Commissioner</u>, 357 U.S. 28, 33 (1958), asserting that the Supreme Court did not interpret the applicable version of the statute and that its holding was nevertheless limited to situations involving trade or business income from the sale of goods or services.  As we stated in <u>Bakersfield Energy Partners, LP v. Commissioner</u>, <u>supra</u> at 215, "We are unpersuaded by respondent's attempt to distinguish and diminish the Supreme Court's holding in [<u>Colony</u>]."  Moreover even if we were to agree with respondent, which we do not, we would be hesitant to contradict the Supreme Court's ruling in <u>Colony</u>.  The Supreme Court has advised lower courts that "If a precedent of this Court [the Supreme Court] has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the * * * [lower courts] should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."  <u>Rodriguez de Quijas v. Shearson/American Express, Inc.</u>, 490 U.S. 477, 484 (1989).