62 F.3d 1428
 76 A.F.T.R.2d 95-6004, 95-2 USTC P 50,467
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Theodore Victor ANDERSON, Debtor.
Theodore Victor ANDERSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-5165.
 United States Court of Appeals, Tenth Circuit.
 Aug. 8, 1995.
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 WESLEY E. BROWN, Senior District Judge.
 
 
 4
 The primary issue in this case is whether certain taxes assessed against Theodore Victor Anderson are dischargeable in bankruptcy. Resolution of the issue, as it comes before us, depends on whether the taxes were assessed within the time permitted by the statute of limitations. The bankruptcy court found that the assessments were timely and entered a judgment in favor of the United States on Mr. Anderson's adversary complaint. That judgment was affirmed on appeal to the district court. Mr. Anderson contends that the lower courts misapplied the statute of limitations. He also argues that he was deprived of property without due process of law because he was not given notice that his "tax matters partner" had agreed to an extension of the limitations period on behalf of the partnership. For the reasons expressed herein, we affirm the judgment.
 
 
 5
 Facts. The relevant facts on the statute of limitations question are undisputed. Mr. Anderson was a limited partner in a partnership named the Davenport Recycling Association. The partnership timely filed forms for the taxable years 1982, 1983 and 1984 reporting its items of income, deductions, and credits. Mr. Anderson claimed his share of the partnership items on his federal income tax returns for those years. The Internal Revenue Service subsequently began an audit of the partnership's returns for 1982-84. During the audit, Samuel L. Winer, the partnership's "tax matters partner,"[1] signed forms consenting to an extension of time for assessing tax attributable to partnership items. The extensions ostensibly gave the IRS until December 31, 1989, to assess against Mr. Anderson and the other partner's taxes attributable to partnership items from 1982-84.
 
 
 6
 The IRS determined that the partnership was an abusive tax shelter and on May 15, 1989, mailed notice of a Final Partnership Administrative Adjustment ("FPAA") to the partnership's tax matters partner and to Mr. Anderson, disallowing various deductions and making numerous adjustments to the partnership returns. On June 9, 1989, the tax matters partner filed a petition in the U. S. Tax Court contesting the adjustments. On August 1, 1990, Mr. Anderson filed a petition for relief under Chapter 7 of the Bankruptcy Code. The record indicates that no proof of claim was filed for the taxes in the bankruptcy nor was any request made to have the bankruptcy court determine the debtor's liability for the taxes. Mr. Anderson was granted a discharge on November 30, 1990.
 
 
 7
 On May 7, 1991, the IRS issued a statutory notice of deficiency to Mr. Anderson for the years 1982-84. The IRS made assessments against him for the taxes on October 14, 1991, and October 28, 1991. On January 11, 1992, Mr. Anderson filed an adversary complaint in the bankruptcy court, seeking a determination that these liabilities had been discharged or were dischargeable. Among other things, he argued that the statute of limitations precluded assessment of the tax.
 
 
 8
 Discussion. The issue is one of statutory construction; it involves a question of law that we review de novo. FDIC v. Canfield, 967 F.2d 443, 445 (10th Cir.), cert. dismissed, 113 S.Ct. 516 (1992). After examining the relevant statutory provisions, we conclude that the assessments were made within the limitations period.
 
 
 9
 Under 26 U.S.C. Sec. 6229(a), the IRS initially had a three-year period (beginning the date each partnership return was filed) in which to assess taxes attributable to partnership items. Pursuant to Sec. 6229(b)(1)(B), this period was extended by agreement of the tax matters partner to December 31, 1989. On May 15, 1989, with over seven months remaining in the limitations period, the IRS made an administrative adjustment to the partnership tax returns. Under subsection (d) of Sec. 6229, this act suspended the running of the statute of limitations for at least one year plus one hundred and fifty days -- i.e., through October 11, 1990.[2] On August 1, 1990, while the running of the statute of limitations was thus suspended, Mr. Anderson filed bankruptcy. The effect of filing bankruptcy, pursuant to regulation,[3] was to convert the partnership items to nonpartnership items. The conversion also resulted in a new limitations period under Sec. 6229(f), which provides that in such circumstances the period of limitations for making assessments "shall not expire before the date which is 1 year after the date on which the items become nonpartnership items." As of August 1, 1990, then, the IRS had at least a one-year period to assess the tax.
 
 
 10
 On May 7, 1991, at least 86 days prior to the end of this one-year period, the IRS issued a statutory notice of deficiency to Mr. Anderson. Pursuant to Sec. 6503(a), the running of the period of limitations with respect to this deficiency[4] was suspended for the period during which the Secretary was prohibited from making the assessment and for 60 days thereafter. The Secretary was prohibited from assessing the tax for at least 90 days, see Sec. 6213(a), meaning the running of the statute of limitations was suspended until October 4, 1991. On October 4, 1991, the statute began running again, with 86 days remaining in the limitations period, meaning that the limitations period would expire on December 30, 1991. The Secretary assessed the taxes in question on October 14 and 28, 1991, which was within the limitations period.
 
 
 11
 In reaching this conclusion, we have considered appellant's arguments to the contrary and have rejected them. Most notably, we cannot agree with his assertion that Sec. 6503(h), which suspends the running of the statute of limitations in a bankruptcy case for the period in which the Secretary is prohibited by reason of such case from making the assessment and for sixty days thereafter, is "the applicable statute identifying the limitations period." Aplt. Br. at 13. Section 6503(h) does not establish a limitations period; it merely provides for the suspension of the running of the statute of limitations during bankruptcy cases. In this case, the applicable limitations period upon the filing of the bankruptcy was (at a minimum) the one-year period set forth in Sec. 6229(f). Appellant also asserts that Sec. 6229 cannot supply the limitations period because that section applies only to partnership items, and the bankruptcy meant that the items would be treated as nonpartnership items. Such a view is untenable given the language of Sec. 6229(f), which specifically sets forth a one-year minimum limitations period when there is such a conversion of partnership to nonpartnership items.
 
 
 12
 Nor can we agree that the suspension of the running of the statute of limitations under Sec. 6503(h) somehow precluded a later suspension pursuant to Sec. 6503(a). Aplt. Rep. Br. at 4. Although we found it unnecessary to include any period of suspension caused by Sec. 6503(h) in our calculations above, the existence of such a period in no way affects the later suspension pursuant to Sec. 6503(a). Both of these sections suspend the running of the statute when the Secretary is prohibited from making an assessment, although each may do so for a different reason. Subsection (a)'s provisions apply when, among other things, the Secretary is prohibited from making an assessment so that the taxpayer can petition the tax court. See Sec. 2613(a). Subsection (h), on the other hand, suspends the statute in a bankruptcy case because the automatic stay may prohibit the Secretary from assessing a tax. See S. Rep. No. 1035, 96th Cong., 2nd Sess., 48, reprinted in 1980 U.S.C.C.A.N. 7017, 7063. See also 11 U.S.C. Sec. 362(a)(6). There appears to be no dispute here that once Mr. Anderson was discharged from bankruptcy, the Secretary was prohibited by virtue of Sec. 6213(a) from assessing the tax for 90 days following the mailing of the notice of deficiency. Cf. Sec. 6871(b) (Notwithstanding Sec. 6213(a)'s restrictions, immediate assessment is permitted on the debtor's estate in a bankruptcy case or on the debtor if the liability for the tax has become res judicata in the bankruptcy case.). Given this fact, both logic and the plain language of the statute make clear that the running of the statute was suspended during that prohibition. In sum, we agree with the bankruptcy and district courts that the assessments were timely.
 
 
 13
 Due Process Claim. Mr. Anderson contends that he was deprived of property without due process of law because he was not notified that his tax matters partner agreed to an extension of the limitations period.[5] For reasons not disclosed in the record, Mr. Anderson failed to raise this argument in the bankruptcy court. When the issue was raised in arguments to the district court, the judge held that the failure to raise it below precluded review, although he proceeded to find that the argument was without merit.
 
 
 14
 We conclude that the failure to properly raise this issue below precludes our review of it. Appellant emphasizes that this court has discretion to hear matters not raised or argued below. See Rademacher v. Colorado Ass'n. of Soil Conservation Dist. Med. Ben. Plan, 11 F.3d 1567, 1571 (10th Cir. 1993). The court will do so, however, "only in the most unusual circumstances." Id. The general rule is that "[t]he failure to raise the issue with the trial court precludes review except for the most manifest error." Id. We see no manifest error here. The record on appeal contains no statement of undisputed facts, affidavits, deposition excerpts or other materials setting forth the facts surrounding this claim. Under the circumstances, we cannot say that the district court erred in holding that the claim was barred.
 
 
 15
 Conclusion.
 
 
 16
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order, filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 "Tax matters partner" is defined at Sec. 6231(a)(7) of the Internal Revenue Code
 
 
 [2]
 Because the above calculation results in a conclusion that the assessments were timely, we find it unnecessary to address the United States somewhat belated argument that the running of the statute of limitations was suspended until May 25, 1995, a date one year after the tax court's decision on the validity of the FPAA became final. See Aple. Br. at 8, n.8
 
 
 [3]
 Temp. Treas. Reg. Sec. 301.6231(c)-7T(a), 52 Fed. Reg. 6793 (1987)
 
 
 [4]
 Mr. Anderson concedes the government's assertion that the deficiency in question falls within the scope of Sec. 6503(a). See Aplt. Br. at 9, n.17. As best we can determine from examining a seemingly endless series of cross-references, the deficiency does indeed fall within the suspension provision of Sec. 6503(a). Section 6503(a) provides that, with respect to a deficiency described in Sec. 6230(a)(2)(A), the running of the statute of limitations found in Sec. 6229 shall be suspended for the period during which the Secretary is prohibited from making the assessment. Section 6230(a)(2)(A) in turn provides that Subchapter B [setting forth deficiency procedures, including a prohibition on the Secretary's assessment of a tax following notice of a deficiency but during the time that a taxpayer may file a petition with the tax court] shall apply to items which have become nonpartnership items (other than by reason of Sec. 6231(b)(1)(C) dealing with settlement agreements) and are described in Sec. 6231(e)(1)(B). Section 6231(e)(1)(B) refers to items which have become nonpartnership items by reason of 1 or more events described in subsection (b). Subsection (b) includes partnership items that have become nonpartnership items under subsection (c) of Sec. 6231. Subsection (c) authorizes the Secretary to provide regulations for the nonpartnership treatment of partnership items in certain circumstances. As previously noted, pursuant to a regulation issued by the Secretary the filing of the bankruptcy petition by Mr. Anderson caused the conversion of the partnership items to nonpartnership items. Cf. Aplt. Br. at 8 (citing Learned Hand, Thomas Walter Swan, LVII Yale Law Journal 167, 169 (Dec. 1947) (The tax code is a "fantastic labyrinth" whose words "merely dance before my eyes in a meaningless procession: cross-reference to cross-reference, exception upon exception ... that offer no handle to seize hold of ... [that] leave in my mind only a confused sense of some vitally important, but successfully concealed, purport, which it is my duty to extract....")
 
 
 [5]
 Pursuant to Sec. 6224(a)(3), the tax matters partner may, in certain circumstances, bind other partners by entering into a settlement agreement. This rule does not apply, however, with respect to any partner who timely files a statement with the Secretary providing that the tax matters partner shall not have the authority to enter into a settlement agreement on behalf of such partner. Sec. 6224(a)(3)(B). Appellant filed no such statement with the Secretary. Although we do not decide appellant's due process claim, we note that he has not explained why this "opt out" provision falls short of the requirements of due process