T.C. Memo. 2009-254

UNITED STATES TAX COURT

LVI INVESTORS, LLC, JOHN K. LUKE, A PARTNER OTHER THAN THE TAX
MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17834-07.                    Filed November 9, 2009.

        R issued to P's L.L.C. for 1999 a notice of final
partnership administrative adjustment (FPAA) which
determined that losses claimed by P in 2001 from the sale of
stock should be disallowed because they were attributable to
the L.L.C.'s participation in a so-called Son-of-BOSS
transaction in 1999.  The FPAA was issued more than 3 years
after the L.L.C.'s return was filed but before the extended
period for assessing P's 2001 income tax had expired under
sec. 6501(a), I.R.C.  P argues that sec. 6229(a), I.R.C.,
provides an exclusive limitations period that overrides sec.
6501(a), I.R.C., prohibiting R from issuing the FPAA.

        <u>Held</u>:  The issuance of the FPAA is not barred by any
period of limitations.

        <u>Held</u>, <u>further</u>,  The period for assessing P's 2001 tax
liability remains open.

Held, further, P's motion for summary judgment will be denied, and R's motion for partial summary judgment will be granted.

David D. Aughtry and Hale E. Sheppard, for petitioner.

John Aletta, for respondent.

MEMORANDUM OPINION

NIMS, Judge:  This matter is before the Court on respondent's motion for partial summary judgment and petitioner's motion for summary judgment under Rule 121.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued an FPAA to petitioner for the 1999 tax year of LVI Investors, LLC (LVI).  Petitioner timely filed a petition contesting the determinations in the FPAA.  At the time the petition was filed, LVI had been dissolved and did not have a principal place of business.

The issue for decision is whether the statute of limitations on assessment bars respondent from issuing an FPAA to LVI for its 1999 tax year.

For the reasons discussed below, we will grant respondent's motion for partial summary judgment and deny petitioner's motion for summary judgment.

## Background

On September 15, 1999, petitioner and Gene Venesky (Venesky) formed LVI as a Delaware limited liability company with its principal place of business in Norcross, Georgia. Petitioner and Venesky each took a 50-percent membership interest in LVI.

On the same day they formed LVI, petitioner and Venesky each formed a single-member limited liability company, JKL Investments, LLC (JKL), and GVI Investments, LLC (GVI), respectively. JKL and GVI were treated as disregarded entities for Federal income tax purposes under section 301.7701-3, Proced. & Admin. Regs.

Petitioner, Venesky, and the aforementioned entities then engaged in a series of transactions (1999 transactions) which respondent has since determined to be, collectively, a Son-of-BOSS transaction described in Notice 2000-44, 2000-2 C.B. 255. On September 28, 1999, petitioner and Venesky each directed JKL and GVI, respectively, to sell short $19 million face value Treasury notes for $18,952,497 plus interest of $167,540.76. Petitioner and Venesky subsequently authorized the transfer of the proceeds from the short sales, the obligations on the short positions, and $285,000 in margin cash to LVI as capital contributions by JKL and GVI, respectively. LVI then used the contributed assets to purchase euro.

On September 30, 1999, LVI closed its short position by purchasing Treasury notes for $37,899,065.50 plus interest of $346,440.22. Petitioner and Venesky subsequently contributed their interests in LVI to MQ Associates, Inc. (MQ), as capital contributions. The record thus far is unclear as to when MQ was formed and what the stock ownership interests in MQ were before and after these capital contributions. On October 1, 1999, LVI was dissolved, and the euro it held were distributed to MQ in liquidation. On October 4, 1999, MQ sold 20.53 percent of the euro. In 2001 petitioner and Venesky sold their MQ stock.

Petitioner and Venesky obtained opinion letters from the law firm Jenkens & Gilchrist, P.C. (Jenkens), which advised them that their outside bases in LVI had been increased by the contribution of the short sale proceeds but had not been reduced by the contribution of the short position, which was purportedly not a liability within the meaning of section 752. The opinion letters further advised that petitioner's and Venesky's contributions of their LVI interests to MQ increased their bases in MQ stock by the amount of their outside bases in LVI.

On October 19, 2000, LVI filed a Form 1065, U.S. Partnership Return of Income, for its 1999 tax year (partnership return).

The partnership return designated petitioner as tax matters partner and listed JKL and GVI as 50-percent members.[1]

Petitioner and Mrs. Maureen O. Luke (the Lukes) filed joint Forms 1040, U.S. Individual Income Tax Return, for their 1999, 2000, and 2001 tax years. The Lukes' 2001 return (personal return) was received by respondent on October 17, 2002. Following the advice of the Jenkens opinion letter, the Lukes claimed an increased basis in petitioner's MQ stock. As a result of that increased basis, the Lukes claimed a loss on the sale of the stock in 2001.

On October 4, 2005, the Lukes signed the first of a series of Forms 872-I, Consent to Extend the Time to Assess Tax As Well As Tax Attributable to Items of a Partnership, which collectively extended the limitations period for assessment of their 2001 tax liability to March 31, 2007.

On March 14, 2007, respondent sent the FPAA for LVI's 1999 tax year to petitioner. The FPAA determined, among other things, that the transactions lacked economic substance and had no business purpose. The FPAA also determined that LVI was a sham partnership and was formed in connection with transactions having a principal purpose of substantially reducing the present value

---

[1]Petitioner was actually ineligible to serve as tax matters partner because he was not a member-manager of LVI. See sec. 6231(a)(7); secs. 301.6231(a)(7)-1(b), 301.6231(a)(7)-2, Proced. & Admin. Regs.

of its partners' aggregate Federal tax liability in a manner inconsistent with the intent of subchapter K of the Internal Revenue Code. Consequently, the FPAA determined that neither LVI nor the transactions should be respected and that any claimed basis increases (in LVI and MQ) or losses resulting from the transactions should be disallowed.

On August 10, 2007, petitioner filed a petition contesting the determinations in the FPAA. On July 7, 2008, respondent filed a motion for partial summary judgment on the issue of whether the statute of limitations for assessment bars respondent from issuing the FPAA. On August 25, 2008, petitioner filed his motion for summary judgment on the same issue. Respondent has conceded that the period for assessing the Lukes' 1999 and 2000 income taxes has expired.

## Discussion

Since there are no genuine issues of material fact on the issue as framed by the parties' cross-motions, summary judgment on that issue is appropriate. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

This case is a partnership-level proceeding subject to the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402, 96 Stat. 648. The Internal Revenue Code imposes no limit on when the Commissioner may commence a TEFRA

partnership-level proceeding by issuing an FPAA.  Rhone-Poulenc
Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533,
534 (2000).  However, any such proceeding is useless when
commenced after the time for assessing tax against the partners
has expired.  Id. at 534-535.

Section 6501(a) generally requires the Commissioner to
assess any income tax deficiency within 3 years after a
taxpayer's individual return is filed.  Section 6229(a) provides,
however, that the period for assessing any tax attributable to a
partnership item or an affected item shall not expire before 3
years after the later of the due date of the partnership return
or the date that the partnership return was actually filed.  We
have previously held that section 6229(a) does not override
section 6501(a) and instead sets a minimum limitations period
that may extend the latter section's general 3-year period.
Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner,
supra.

Respondent issued the FPAA in a timely manner because the
period for assessing the Lukes' 2001 income tax has not closed.[2]
The Lukes signed timely Forms 872-I agreeing to extend the
assessment period to March 31, 2007.  Respondent issued an FPAA

---

[2]The Lukes' 2001 tax year is involved because their basis in
the MQ stock they sold in 2001 is an affected item.  See sec.
6231(a)(5).  A deficiency attributable to such an affected item
cannot be assessed until the conclusion of the partnership-level
proceeding.  Nussdorf v. Commissioner, 129 T.C. 30, 44 (2007).

for LVI's 1999 tax year before that date, and the issuance of the FPAA suspends the period to assess the Lukes' 2001 income tax. See id. at 552-553; Andantech L.L.C. v. Commissioner, T.C. Memo. 2002-97, affd. in relevant part and remanded in part 331 F.3d 972 (D.C. Cir. 2003). This is true even though the period for assessing the Lukes' 1999 income tax had already expired. See Kligfeld Holdings v. Commissioner, 128 T.C. 192 (2007); G-5 Inv. Pship. v. Commissioner, 128 T.C. 186 (2007).

Petitioner contends that section 6229(a) imposes a separate and exclusive limitations period for the assessment of any tax attributable to a partnership item. If that contention were correct, respondent would be barred from assessing any tax attributable to partnership items from LVI's 1999 tax year because the Lukes signed the Forms 872-I more than 3 years after the partnership return had been filed. In addition, petitioner contends that respondent may not issue an FPAA for LVI's 1999 tax year when the period for assessing the Lukes' 1999 personal income tax has expired.

Petitioner offers several textual and policy arguments in support of his positions. Petitioner's arguments are identical to those we rejected in deciding Rhone-Poulenc, Kligfeld, and G-5 Inv. Pship. Petitioner urges us to reconsider those decisions, citing a number of Court of Appeals decisions which purportedly recognize that section 6229(a) sets an absolute limitations

period.  See <u>Weiner v. United States</u>, 389 F.3d 152, 156-157 (5th Cir. 2004); <u>Monahan v. Commissioner</u>, 321 F.3d 1063, 1065 n.2 (11th Cir. 2003), affg. T.C. Memo. 2002-52; <u>Madison Recycling Associates v. Commissioner</u>, 295 F.3d 280 (2d Cir. 2002), affg. T.C. Memo. 2001-85 and T.C. Memo. 1992-605; <u>CC&F W. Operations Ltd. Pship. v. Commissioner</u>, 273 F.3d 402 (1st Cir. 2001), affg. T.C. Memo. 2000-286; <u>Callaway v. Commissioner</u>, 231 F.3d 106 (2d Cir. 2000), revg. T.C. Memo. 1998-99; <u>Williams v. United States</u>, 165 F.3d 29 (6th Cir. 1998); <u>Anderson v. United States</u>, 62 F.3d 1428 (10th Cir. 1995); <u>Monetary II Ltd. Pship. v. Commissioner</u>, 47 F.3d 342 (9th Cir. 1995), affg. T.C. Memo. 1992-562.

We decline to reconsider <u>Rhone-Poulenc</u>, <u>Kligfeld</u>, and <u>G-5 Inv. Pship.</u> because the cases cited by petitioner have no precedential application in this case.  The discussions of section 6229(a) in those cases were merely dicta on the question before us because none of the cases decided the issue of the relationship between sections 6229(a) and 6501(a).  In fact, subsequent cases in the Second and Ninth Circuits indicate that those Courts of Appeals do not believe their respective prior holdings mandate an exclusive section 6229(a) limitations period. See <u>Bakersfield Energy Partners, LP v. Commissioner</u>, 568 F.3d 767, 770 n.5 (9th Cir. 2009), affg. 128 T.C. 207 (2007); <u>Field v. United States</u>, 381 F.3d 109, 112 n.1 (2d Cir. 2004).  <u>Bakersfield</u> refers to section 6229(a) as establishing a minimum period, while

Field states that section 6229(a) may extend but not limit the time available to assess tax.  Since both cases were decided by Courts of Appeals panels, they imply that prior decisions in those circuits had not rejected Rhone-Poulenc because those prior decisions could be overruled only through an en banc decision, a Supreme Court decision, or subsequent legislation.  See U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 241 F.3d 135, 149 (2d Cir. 2001); Montana v. Johnson, 738 F.2d 1074, 1077 (9th Cir. 1984).

The Courts of Appeals that have decided this issue have all approved our decision in Rhone-Poulenc.  See Curr-Spec Partners, L.P. v. Commissioner, 579 F.3d 391 (5th Cir. 2009), affg. T.C. Memo. 2007-289; Andantech L.L.C. v. Commissioner, 331 F.3d at 976; AD Global Fund, LLC v. United States, 481 F.3d 1351, 1354 (Fed. Cir. 2007).  Inasmuch as LVI had been liquidated and had no principal place of business at the time the petition was filed, appeal in this case will lie, in the absence of the parties' contrary agreement, to the Court of Appeals for the D.C. Circuit. See sec. 7482(b).  Under Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), insofar as applicable, we will follow the Court of Appeals for the D.C. Circuit's decision in Andantech L.L.C. v. Commissioner, supra, and apply Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533 (2000), in the case at hand.

For the foregoing reasons, we hold that respondent's issuance of the FPAA for LVI's 1999 tax year was not barred by any period of limitations and that the period of limitations for assessing taxes attributable to partnership items for the Lukes' 2001 tax year remains open.  We will therefore grant respondent's motion for partial summary judgment and deny petitioner's motion for summary judgment.  In doing so, we have considered all of the parties' contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An order granting respondent's motion for partial summary judgment and denying petitioner's motion for summary judgment will be issued</u>.